OPINION OF THE COURT
Herbert Shapiro, J.
The question presented in this case appears to be a rather novel one and one not yet directly addressed in the decisional law. What burden must a party bringing on a summary proceeding to recover possession of real property sustain before he may employ the "conspicuous place” (nail and mail) method of service set forth in section 735 of the Real Property Actions and Proceedings Law?
According to the testimony of the landlord’s process server, it appears that on January 30, 1078, the process server visited the subject premises — a bar and grill — at about 6:22 a.m. He attempted to gain admittance by knocking on the door but no one responded. In this connection, it should be noted that from all the proof offered there is no question but that the bar was closed at the time of such visit.
Being unable to gain admittance, the process server then placed a copy of the petition and notice on one of the entrance doors, affixing the same with scotch tape. Thereafter and on the following day, the process server mailed a duplicate copy of the petition and notice to the tenant by certified mail.
I credit the testimony of the process server, and the denials of the tenant’s representative with respect to receipt of either copy are of no consequence. Therefore, if the process server complied with the requirements of section 735 of the Real Property Actions and Proceedings Law, the motion to vacate the judgment should be denied. The absence of such *3 compliance, however, is fatal to jurisdiction even in the extreme case where a tenant admits receipt of the petition and notice (150 East 73rd St. Corp. v Wehringer, NYLJ, April 17, 1975, p 2, col 4).
Section 735 provides in pertinent part as follows: "Service of the notice of petition and petition shall be made by personally delivering them to the respondent; or by delivering to and leaving personally with a person of suitable age and discretion who resides or is employed at the property sought to be recovered, a copy of the notice of petition and petition, if upon reasonable application admittance can be obtained and such person found who will receive it; or if admittance cannot be obtained and such person found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered; and in addition, within one day after such delivering to such suitable person or such affixing, by mailing [a copy of the petition and notice] to the respondent by registered or certified mail”.
A reading of the section reveals that there are three methods of permissible service — personal, substituted, and conspicuous place service. The first two — personal and substituted service — are independent of each other and the party seeking to effect service may, at his option, unconditionally select either method without a requirement that any other method first be tried. With respect to conspicuous place service, however, the statute makes such method only conditionally available. Before such method may be employed it must be demonstrated that "upon reasonable application” admittance to the subject premises cannot be obtained and/or a proper person cannot be found to whom the notice and petition may be delivered.
The landlord does not dispute that the use of conspicuous place service is conditional but asserts that he has complied with the requirement that there be an attempt to first effect substituted service. It is claimed that the process server effected such compliance when he visited the bar, knocked on the door, and was unable to gain admission thereby.
As indicated, the testimony of the process server was that he appeared at the bar at 6:22 a.m. and knocked on the door. It was clear from all the testimony that at the time the bar was closed and no one was present in the bar premises. That being so, was the visit of the process server a "reasonable application” for admittance as contemplated by section 735 of *4 the Real Property Actions and Proceedings Law? I conclude that it was not.
The landlord is arguing, in effect, that any attempt to gain admittance, no matter how unlikely to succeed, is sufficient to satisfy the statutory requirement. In support of that view he points to the fact that the predecessor statute to section 735 (Civ Prac Act, § 1421) was amended in 1954 so as to remove therefrom the earlier provision that conspicuous place service could only be employed if by "due diligence” personal or substituted service could not be effected. Since "due diligence” is no longer required, landlord contends, in effect, that any attempt at substituted service constitutes a sufficient basis for a subsequent conspicuous place service. As indicated, I disagree.
It is clear from the statutory scheme set forth in section 735 of the Real Property Actions and Proceedings Law that the "conspicuous place” method of service was deemed to be the least desirable of the three methods made available. As a result, it was not made available initially at the option of the party but only after an attempt at substituted service failed. In that context, can it be reasonably said that any attempt— even one predestined to failure — is adequate? I think not. In any event it is clear that the Legislature likewise thought not. While it is true that the Legislature removed the higher burden of "due diligence” from the statute, it did not make conspicuous place service a method of service initially and unconditionally available. There was still a requirement that conspicuous place service not be employed unless substituted service could not be effected by "reasonable application.” While the burden of the party seeking to make conspicuous place service is less than it was prior to the amendment, there is still a burden of a reasonable attempt at substituted service.
In the facts of this case I conclude that there was no "reasonable application” to effect substituted service and therefore no right to thereafter employ conspicuous place service. An attempt to gain admittance to a bar and grill at 6:22 a.m. may constitute an attempt to make substituted service, but it is the judgment of this court that it falls far short of meeting the "reasonable application” requirement of the statute. Such an attempt to gain admittance was, as a practical matter, no attempt at all. It was, ab initio,' without any hope of success and such absence of hope was, in the circumstances, fully known to the process server when the *5 service was attempted to be made. In this regard, it might be observed that common experience dictates that bars are not open for business at 6:22 in the morning. In addition, subdivision 5 of section 106 of the Alcoholic Beverage Control Law expressly prohibits a bar from doing business prior to 8 a.m. in the morning.
To sustain the service in this case would be an open invitation to process servers to attempt substituted service at such times and in such manner as to, in effect, render conspicuous place service an independent and primary method of service— a result the Legislature never intended. Before a party may employ conspicuous place service it must be demonstrated that a reasonable attempt — one with a likely possibility of success — at substituted service has been made and failed. In this case, as a matter of law, I find no such attempt was made.
The motion is granted and the final judgment vacated, the proceeding dismissed, and the tenant restored to possession.