OPINION OF THE COURT
John A. Milano, J.
This proceeding raises a very significant and vital issue which substantially affects the jurisdiction of this court in regard to the service of process generally and more specifically in regard to the commencenjient, in Housing Court, of a summary proceeding to recover possession of a residential apartment or dwelling in which "conspicuous place service” is utilized.
Does a process server, pursuant to section 735 of the Real Property Actions and Proceedings Law (RPAPL), fail to make a "reasonable application” to effect substituted service prior to resort to conspicuous place (knock, nail and mail) service when only one attempt is made to gain admittance to the subject premises before utilizing the latter form of service?
In this nonpayment proceeding, the attorney for the tenant moves to dismiss the petition jan jurisdictional grounds, as a matter of law, on the authority! of Kambouris v Agena (Civ Ct, *455 Queens County, Index No. 11176-79, affd Appellate Term, without opn Jan. 31, 1980).
This court rejects the contention of the tenant’s attorney that only one attempt vitiates service and concludes that a first and only attempt to gain admittance, as a matter of law, absent any special circumstances, indicating by clear and convincing proof, no hope or likely possibility of success, does not violate by spirit or letter, the statutory requirement of "reasonable application” and said initial and sole attempt constitutes a sufficient basis for a subsequent "conspicuous place service” of process, in a summary proceeding to obtain possession of real property.
A traverse hearing was held before the court in the Kambouris case (supra), initially a holdover proceeding in regard to the service of a "30-day notice to terminate” as required by section 232-a of the Real Property Law, and the service of a notice of petition and petition by "conspicuous place” service. The process server testified that he served the 30-day notice by tacking same to respondent’s door and mailing a copy thereof to respondent the following day. Asked whether he attempted to serve the petition by personal service, the process server stated that "there was no response when he knocked at respondent’s door.” No further attempt to serve personally was ever made. In addition, the notice to terminate was addressed to a "James Azena” while the caption of the petition named as respondent one "James Agena.” Respondent testified that his correct name was "Jaime Encinas”. Furthermore, the 30-day notice referred to a "James Azena” in the basement apartment while the notice of petition referred to a "James Agena” in the ñrst-ñoor apartment. The affidavit of service gave no identification of apartment. The process server could not describe the apartment and had not been there before. Nor did he have knowledge that there were three doors to advance through before reaching the tenant’s apartment, which was the basement apartment in this two- and one-half-story building. The first door did not have a name plate or mailbox. The doors were locked and only the landlord and the tenant had the keys. The landlord lived on the premises but never discussed the unique features with the process server. The tenant was not known by any other name but Jaime Encinas and no one else ever used the names Agena or Azena.
The court in Kambouris (supra), under the special circum *456 stance enumerated above, found that no reasonable application to effect substituted service was made by petitioner for either the 30-day notice or the petition. That the landlord himself resided in the subject premises and would undoubtedly have been able to reasonably ascertain the whereabouts of the respondent and the ccjurt felt that under all of the above facts, to require the process server to make another attempt, did not go beyond thje ambit of "reasonable application.” The court also held thai the incorrect identification of respondent by two different names on the 30-day notice and petition did not comply with tlie requirements of strict compliance with section 735 of the RPAPL and that for all of the above reasons found that the service of both the 30-day notice and petition to be defective and legally invalid and the motion to vacate the final judgment of possession was granted and the proceeding was dismissed.
It is clear that before a process server is permitted to serve by "conspicuous nail and mail” a reasonable application to gain admittance must be made. The court in Palumbo v Estate of Clark (94 Misc 2d 1, 4) stated: "While it is true that the Legislature [RPAPL, § 735] removed the higher burden of 'due diligence’ from the statute, it did not make conspicuous place service a method of service initially and unconditionally available. There was still a | requirement that conspicuous place service not be employed ¡unless substituted service could not be effected by 'reasonable application.’ ”
The court in Palumbo (supr^, p 4) concluded that there had been no "reasonable application” to effect substituted service especially an attempt to gain admittance to a bar and grill at 6:22 a.m. The court reasoned ¿hat such an attempt was, as a practical matter, no attempt at all. "It was, ab initia, without any hope of success and such absence of hope was, in the circumstances, fully known to the process server when the service was attempted to be made.” (Palumbo v Estate of Clark, supra, pp 4-5.) The court went on to say that subdivision 5 of section 106 of the Alcoholic Beverage Control Law expressly prohibits a bar from doing business prior to 8:00 a.m. in the morning.
The rationale of this court’s decision in denying the motion of the tenant’s attorney to dismiss the petition on jurisdictional grounds is that though there may be special circumstances warranting a second áttempt to serve other than by "conspicuous place service” such as in Kambouris or Palumbo *457 (supra) that, as a matter of law, the mere fact that the process server makes only one initial attempt to effect substituted service prior to serving by "conspicuous place service” pursuant to section 735 of the RPAPL, does not in itself violate the due process parameters of reasonable application. (See Velazquez v Thompson, 321 F Supp 34, affd 451 F2d 202.)
In the instant case at bar, service was effectuated by "conspicuous place service” on a Saturday morning at 8:30 a.m. in a two-family dwelling. This court submits that the whereabouts of the tenant were obviously fixed and easily determinable. (Velazquez v Thompson, supra.) This court also takes judicial notice of the fact that generally in most multiple dwellings and one- and two-family houses, apartment doors of tenants are easily defined and identified with mail boxes and other indicia apparent and evident; that to require a process server, absent any special circumstances as related above, to make another effort to effectuate substituted service, would, in the opinion of this court, add unnecessary days and delay to summary proceedings which are primarily intended to bring on and decide the issues in a speedy manner. Service under section 735 of the RPAPL is made in the first instance at the property sought to be recovered.
And finally, this court concludes that the affirmance by the Appellate Term in Kambouris (supra) without opinion cannot constitute precedent or authority for the proposition that one attempt is not enough under section 735 of the RPAPL. The lower court based its decision on several facts constituting substantial jurisdictional defects, one or all of which could have invalidated the service. It is the opinion of this court that had the Appellate Term intended to rest its decision on a failure to make more than one attempt, that in view of such precedent impact on common practice, it would have expressly so stated.
Accordingly, the motion of the tenant to dismiss the petition on jurisdictional grounds, for all of the reasons above stated, is denied.