OPINION OF THE COURT

Per Curiam.

Order dated July 1,1981 is reversed, with $10 costs; the traverse is denied and the final judgment of possession is reinstated.
The process server testified that on April 27, 1981 he attempted personal service on the tenant. He gained entrance to the premises at 1510 Archer Road, with a key to the front door of the building furnished him by the Parkchester Management, took the elevator to the seventh floor, where he rang the bell of the tenant’s apartment at approximately 7:35 a.m. Receiving no response, he waited several minutes and rang again. Unable to effect service, he scotch taped the notice of petition and petition to the door of the apartment, and completed service by certified and regular mail the following day. In response to the court’s questioning, the process server testified that he did not attempt to use the intercom system upon entering the building.
*897 Át the conclusion of the hearing, the court correctly observed that receipt of process was not the issue, but rather whether the process server complied with the statute. In determining that issue, the court sustained the traverse, finding that a reasonable attempt to effect personal service would require the process server to use the intercom system to signal the tenant of his desired access to tenant’s premises.
RPAPL 735 (subd 1) permits nail and mail service where admittance to the premises cannot be obtained “upon reasonable application.” The process server’s efforts are not to be judged by the “due diligence” standard for service of process in ordinary actions imposed by CPLR 308 (subd 4). “A lower grade of effort” is contemplated in exacting “reasonable application” to the extent that the process server “may ring once (or twice if so moved), and if such mild, lawful efforts come to naught, he may proceed with posting and mailing” (Coulston v J K L Founding Corp., NYLJ, March 20, 1974, p 17, col 7, as quoted in Hospitality Enterprises v Fuego Rest. Corp., NYLJ, June 5, 1980, p 11, col 4).
The primary purpose of summary proceedings is to enable the landlord to regain possession quickly and inexpensively. While more is required than a mere recital authorizing nail and mail service, where the testimony of the process server established that he was on the premises at an hour when he could reasonably expect the tenant to be at home, and rang the bell, the requirements of RPAPL 735 have been met (cf. Palumbo v Clark, 94 Misc 2d 1; see, also, Velazquez v Thompson, 451 F2d 202).
The court’s decision invalidated the service on the narrow ground that the process server had not used the building intercom system before proceeding to the tenant’s apartment. Requiring this specific act to spell out reasonable application exceeds the statutory standards of service under RPAPL 735, as they have been construed by the court. The court below, in sustaining the traverse, imposed an essentially subjective standard of “reasonable application” which finds no support in RPAPL 735.
Concur: Hughes, J.P., Riccobono and Asch, JJ.