OPINION OF THE COURT
Jacqueline W. Silbermann, J.
This is a commercial holdover proceeding. On February 28, 1985, a traverse hearing was had before this court. The issue presented is whether there has been proper “nail and mail” service pursuant to RPAPL 735 (1).
The respondent is a political club. The testimony of the process server was that on Wednesday, April 17,1984, at 12:16 p.m., she went to the door of the premises located at 342 East 22nd Street and finding the premises closed placed a copy of the notice of petition and petition on the door of the storefront.
The store had the name of the respondent club on its door. The next day, April 18, 1984, she mailed two sets of copies to respondent one by certified mail and one by regular mail. She filled out an affidavit of service and returned it and the original petition and notice of petition to the court.
She stated that she received no instructions regarding the way in which service was to be made.
This court finds that the testimony of the process server was credible but, upon the uncontroverted facts of this case, the court holds that reasonable application was not made.
In Eight Assoc. v Hynes (102 AD2d 746, 747 [1st Dept 1984]), the court held that: “[0]ne attempt to serve process during ‘normal working hours’ did not satisfy the ‘reasonable application’ standard set forth in RPAPL 735.”
*491 This court finds that the present case, although involving a commercial rather than a residential tenant, falls within the purview of Eight Assoc. v Hynes (supra).
The court finds that the landlord knew or should have known that political clubs and more specifically this club is an entity generally not open during the day. This information should have been conveyed to his attorneys who then should convey same to the process server retained by them.
Landlords in the process of negotiating leases and during the duration of the tenancy generally obtain information relative to the business or employment of the prospective tenant. This court holds that such information should be conveyed to its attorney in the event a summary proceeding becomes necessary. The court further holds that the attorney would be under a duty to convey this information to its process server so that the process server can comply with the “reasonable application” standard.
Thus under the circumstances of this case, one attempt to serve the respondent herein on a weekday afternoon could not reasonably be expected to succeed. In effect it was “ ‘predestined to failure’ ” (Eight Assoc. v Hynes, supra, p 748) and hence must be held to be inadequate.
The court holds that the “reasonable application” standard of RPAPL 735 applies to commercial as well as residential premises.
For the foregoing reasons the traverse is sustained.