OPINION OF THE COURT
Peter Tom, J.
Petitioner moves for an order pursuant to CPLR 308 (5) to *242 serve process upon respondent in a manner prescribed by the court in the instant summary eviction proceeding.
In an ongoing investigation by the police department of illegal drug activities in the subject rent-stabilized apartment, an undercover police officer went into a nearby bodega to make a purchase of narcotics. A runner was seen leaving the bodega and going into the premises in issue, which is located a few blocks away, and later returned with the narcotics. The police later obtained a search warrant for the apartment and the warrant was executed on February 14, 1989.
In the apartment the police found a large steel safe approximately 4 feet high, 3 feet wide and 4 feet in depth in the bedroom. The police opened the safe and found over four pounds of cocaine and United States currency in the sum of $68,550 in different denominations. In other areas of the apartment the police also found two triple-beam scales, an O’House electronic scale, two high-caliber handguns, a 12-gauge shotgun and a large amount of assorted ammunition.
Respondent, the tenant-of-record, was later arrested.
Petitioner commenced the instant eviction proceeding against respondent at the behest of the Manhattan District Attorney’s office pursuant to RPAPL 715 and 711 (5) on the ground that respondent is conducting an illegal trade, business or manufacture from the premises.
Petitioner served the notice of petition and petition upon respondent by means of conspicuous place service pursuant to RPAPL 735 on March 27, 1989. Respondent did not answer the petition and has defaulted in this proceeding.
After the commencement of this proceeding petitioner learned in April 1989 that respondent was arrested on the day the police raided the apartment and that he has been incarcerated in the Rikers Island Detention Center since the arrest.
Petitioner seeks, in this motion, to withdraw the instant proceeding, on the ground that since respondent was incarcerated he would not have received notice of this proceeding, and to recommence the action pursuant to a method of service prescribed by the court under CPLR 308 (5).
CPLR 308 (5) provides that personal service upon a natural person shall be made by any of the following methods: "5. in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section.”
The court is in agreement with petitioner’s position to *243 discontinue the instant proceeding since respondent could not have received notice of this action under the circumstances of this case.
The purpose of the statutory scheme pertaining to service of process is designed to give notice to defendant to the commencement of an action or proceeding and to confer jurisdiction of the court over the parties. Even though the statute pertaining to service of process does not mandate that respondent must receive the notice, constitutional due process requires that, if feasible, service of process by petitioner must be reasonably calculated to apprise the party of the impending action. Therefore, good faith on the part of the petitioner to give notice to respondent of the action is inherent in the spirit of the statutory scheme pertaining to service of process. (Dobkin v Chapman, 21 NY2d 490; City of New York v Chemical Bank, 122 Misc 2d 104.) The courts recognize that in some cases such as where defendants are missing or their whereabouts are unknown then it might not be reasonably possible to give personal notice.
If a petitioner has knowledge of the whereabouts of respondent and that service of process at the premise in the manner prescribed by statute will not give notice to respondent than the attempt to serve respondent by the statutory modes of service will not meet constitutional due process standards since it is not reasonably calculated to apprise respondent of the proceeding. (City of New York v Chemical Bank, supra; Solack Estates v Goodman, 102 Misc 2d 504.)
Although RPAPL 735 provides for the method of service for summary holdover proceedings, the court may employ CPLR 308 (5) in the present case since service of process pursuant to RPAPL 735 in this case is impractical and such application will not be in conflict with RPAPL 735 or any provisions of the CCA.
CCA 2102 provides: "The CPLR and other provisions of law relating to practice and procedure in the Supreme Court, notwithstanding reference by name or classification therein to any other court, shall apply in this court as far as the same can be made applicable and are not in conflict with this act.”
In the case at bar petitioner cannot personally serve respondent with process under RPAPL 735 since respondent is incarcerated in a detention center. Service of process upon a person of suitable age and discretion cannot be accomplished since respondent is the only occupant of the premises and the *244 apartment is presently unoccupied. Conspicuous place service is impracticable since respondent is presently not occupying the premises and petitioner knows his whereabouts.
Since service of process upon respondent is impractical under RPAPL 735, service under CPLR 308 (1), (2) and (4) is also not practical since the modes of service under both statutes are similar. Moreover, the "reasonable application” standard in the context of conspicuous place service under RPAPL 735 requires a lesser degree of effort to personally serve respondent than the "due diligence” standard under CPLR 308 (4). (Parkchester Apts. Co. v Hawkins, 111 Misc 2d 896.) If plaintiff cannot serve. defendant under the lesser degree standard then it would be impractical for plaintiff to serve defendant under the higher standard of "due diligence”.
RPAPL 735 does not contain a similar provision as CPLR 308 (5).
CPLR 308 (5) permits the court to fashion a method of service of process reasonably calculated to inform defendant of the impending action when the statutory modes of service upon a natural person are impractical and unavailing.
In the instant case since respondent is incarcerated in Rikers Island Detention Center, notice of summary proceeding can be served upon the designated office of Rikers Island Detention Center which is employed to receive legal documents on behalf of its inmates.
Accordingly, petitioner’s motion is granted to the extent to permitting it to withdraw the instant proceeding and to reserve respondent with the notice of petition and petition pursuant to RPAPL 735 and by personally delivering a copy of the notice of petition and petition to respondent in care of the Department of Correction, Room 124, 100 Centre Street, New York, New York, together with respondent’s inmate number and New York State identification number.