*448 OPINION OF THE COURT
Per Curiam.
Order dated April 2, 1991 reversed, with $10 costs, tenant’s motion to dismiss the petition is denied, and a new trial is ordered.
In this commercial nonpayment proceeding, the trial court granted tenant’s motion to dismiss at the conclusion of landlord’s prima facie case upon the ground that landlord had not proven a written demand for rent as required by the parties’ lease. Paragraph 27 of that lease sets forth the standard "Bills and Notice” printed provision, to wit: "Except as otherwise in this case provided, a bill, statement, notice or communication which owner may desire or be required to give to Tenant, shall be deemed sufficiently given or tendered if, in writing, delivered to Tenant personally or sent by registered or certified mail addressed to Tenant at the building of which the demised premises form a part or at the last known residence address or business address of Tenant or left at any of the aforesaid premises addressed to Tenant”. While Civil Court recognized that RPAPL 711 (2) permits a nonpayment proceeding to be maintained upon proof of an oral demand of the rent or a three days’ notice in writing requiring payment of the rent, the court determined that the parties, in their lease, had adopted a "more stringent notice requirement”, i.e., a written rent demand as a prerequisite to commencement of the proceeding. Accordingly, the court found that landlord’s "failure to comply with the notice provisions of its own lease deprives this court of jurisdiction”.
Contrary to Civil Court’s construction of paragraph 27, we construe that provision as applicable principally to notices or statements given pursuant to or under the lease itself, as opposed to statutory notices. While we agree that commercial entities represented by counsel are free to adopt notice requirements at variance with RPAPL 711, their intent to do so should be expressly stated in the lease (see, 96-18 43d Ave. Corp. v IBT Indus., NYLJ, May 28, 1991, at 32, col 4 [App Term, 2d Dept]). Since paragraph 27 makes no specific reference to rent demands or to RPAPL 711, we decline to hold that this printed provision in the standard form lease manifests the parties’ agreement that they have adopted a notice requirement different from the otherwise controlling statutory procedure. Moreover, it is additionally noted that under para *449 graph 17 of the lease, no written notice of default need be served where there has been a default in the payment of rent. In consequence, "[paragraph 27 should not be construed as supplying the written notice requirement for a tenant’s default in paying rent, when that type of default was specifically exempted from the written notice requirements of [paragraph 17” (Duell v Lack & Assocs., NYLJ, Apr. 30, 1992, at 25, cols 5-6 [Civ Ct, NY County]; but cf., Chasmel Props. v Gottlieb, NYLJ, Apr. 30, 1992, at 25, col 4 [Civ Ct, NY County]).
We find that the oral demand as testified to by landlord’s witness complied with RPAPL 711 (2). Since the proceeding should not have been dismissed for lack of jurisdiction at the close of landlord’s proof, the petition is reinstated and a new trial is ordered.