*556 OPINION OF THE COURT
Marsha L. Steinhardt, J.
This is a motion, brought on by the respondent, for an order dismissing the notice of petition and petition. Respondent contends that this court lacks personal jurisdiction.
This is a commercial nonpayment proceeding. Respondent admits that on or about November 19, 1993 he received, via regular mail, a copy of a notice of petition, petition, a three-day notice and an affidavit of service of the three-day notice. It is uncontroverted that there is currently an action pending in the Supreme Court, Kings County (index No. 2565/91) involving the same parties herein, wherein the respondent contends that because of the Supreme Court action, and other Civil Court actions between these parties, the subject premises has not been occupied nor business conducted there for approximately two years. As a result, any attempt at personal or substituted service was predestined to fail and resort to "conspicuous place” service (nail and mail) was void at its inception. The "reasonable application” standard set forth in RPAPL could never be fulfilled at that address.
It is petitioner’s contention that personal service was attempted at the last place of business of the respondent — the subject premises, 300 Liberty Avenue. After two unsuccessful attempts at such service, the instant matter was commenced by "nail and mail” service. A reasonable application to gain admittance had been attempted and all requirements set forth in RPAPL 735 have been met.
RPAPL 735 governs service of process in summary proceedings to recover possession of real property. Three methods of service are set forth in the statute — personal, substituted and conspicuous place service. "The first two — personal and substituted service — are independent of each other and the party seeking to effect service may, at his option, unconditionally select either method without a requirement that any other method first be tried. With respect to conspicuous place service, however, the statute makes such method only conditionally available. Before such method may be employed it must be demonstrated that 'upon reasonable application’ admittance to the subject premises cannot be obtained and/or a proper person cannot be found to whom the notice and petition may be delivered.” (Palumbo v Estate of Clark, 94 Misc 2d 1, 3 [1978].) "[T]he 'reasonable application’ standard of RPAPL 735 applies to commercial as well as residential *557 premises.” (Ancott Realty v Gramercy Stuyvesant Ind. Democrats, 127 Misc 2d 490, 491 [1985].)
The process server must have some expectation of success, although the effort required is less than that specified (due diligence) in CPLR 308. "Before a party may employ conspicuous place service it must be demonstrated that a .reasonable attempt — one with a likely possibility of success — at substituted service has been made and failed”. (Palumbo v Estate of Clark, supra, at 5.)
Documentation submitted by petitioner in opposition to this motion clearly indicates that it was aware of the fact that respondent "is no longer conducting any business as the entity known as Mark Cabinent Manufacturing Corp.” No business is being conducted at the subject premises.
This court finds, as a matter of law, that personal or substituted service could never be made at a business that is "out of business”. Any attempts at service were guaranteed to fail — and no reasonable attempt to gain entry could ever be made. The fact that an officer of the corporate respondent acquired actual notice of these proceedings is not controlling. (See, Palumbo v Estate of Clark, supra.)
Respondent’s motion to dismiss the petition is granted.