OPINION OF THE COURT
Norman C. Ryp, J.
a. ISSUE
Whether the "reasonable application” requirement of RPAPL 735 (1) incorporates the statutory mandates of "due *919 diligence” of CPLR 308 (2) where corporate tenant never moves into demised premises due to asbestos removal cost issue and restricts eligible corporate representatives to be served with process in a summary proceeding to those specified in CPLR 311 (1)? A disturbing issue of first resolution!
B. PROCEDURAL HISTORY
Pursuant to CPLR 2221 (a), respondent’s motions for leave to reargue and reconsider this court’s decision dated November 4, 1994, which is granted and then for dismissal, under CPLR 3211 (a) (2), (7) and (8), of the petition for violation of RPAPL 711 (2) and 735, which is denied, with leave to duly serve and file its verified answer on or before May 15, 1995.
Respondent’s first motional prong, that there are no controverted issues of fact, regarding the propriety of service of the subject three-day demand for rent (rental demand), notice of petition and petition is correct and well taken. This obviates the need for a traverse hearing.
This requires the court’s consideration of respondent’s second motional prong for dismissal as a matter of law of the petition for noncompliance with RPAPL 711 (2) and 735. Respondent’s legal attack against the validity of service of the rental demand is identical and parallel to that of its assault against petitioner’s notice of petition and petition. Its argumental nuclei is a failure in each service to satisfy the "reasonable application” requirement of RPAPL 735 before resorting to conspicuous place service at the premises sought to be recovered. Its bases are that: petitioners, at the time of the three attempts at service, actually knew: (1) subject premises (492 First Avenue, New York, New York) is an uninhabited and vacant building; (2) the address of respondent’s corporate headquarters (575 Fifth Avenue, New York, New York); (3) the persons ("B. Luisi” — rental demand — and "Lisa Curtin” — notice of petition and petition) to whom the process server delivered such papers are not "directors” or "persons authorized” to accept such service at a location (i.e., corporate headquarters) other than premises sought to be recovered; (4) that "in hand” delivery of process is required herein and such must be attempted, if not made, at corporate headquarters before conspicuous place service at the premises sought to be recovered.
*920 c. parties’ contentions
In support, respondents relevantly cite a number of cases, including Eight Assocs. v Hynes (65 NY2d 739 [1985], affg 102 AD2d 746 [1st Dept 1984]); Ancott Realty v Gramercy Stuyvesant Ind. Democrats (127 Misc 2d 490 [Civ Ct, NY County 1985]); 815 Park Owners v West LB Admin. (119 Misc 2d 671 [Civ Ct, NY County 1983]); and 2 Rasch, New York Landlord and Tenant — Summary Proceedings § 32:13 (at 512 [3d ed 1987]).
In opposition, petitioners submit that, under the facts and circumstances herein, it has more than fully complied with the "reasonable application” requirement of RPAPL 735, which is less stringent than the "due diligence” statutory mandate of CPLR 308. Petitioners relevantly cite: Lana Estates v National Energy Reduction Corp. (123 Misc 2d 324 [Civ Ct, Queens County 1984]); 815 Park Owners v West LB Admin. (119 Misc 2d 671 [Civ Ct, NY County 1983]); and City of New York v Wall St. Racquet Club (136 Misc 2d 405 [Civ Ct, NY County 1987]).
D. ANALYSIS
After full review and deliberation of all motional submissions this court finds, in fact and law, that petitioner, under the attendant circumstances, sufficiently complied with the "reasonable application” requirements of RPAPL 735. (See, 815 Park Owners v West LB Admin., supra; Parkchester Apts. Co. v Hawkins, 111 Misc 2d 896 [App Term, 1st Dept 1981].) Respondent’s extremely competent, if not brilliant, attempt to put petitioner into an impossible procedural vise between RPAPL 735 (reasonable application) and CPLR 308 (due diligence) where there is a vacated commercial premises and an elsewhere principal corporate headquarters or principal office is not consistent with the statutory intent. (See, Parkchester Apts. Co. v Hawkins, supra.) The alternative exit from this apparent statutory dilemma is to declare one or both statutes, as applied, unconstitutional which this court finds unnecessary and unreasonable under the circumstances.
*921 E. CONCLUSION
Accordingly, respondent’s CPLR 2221 motion is granted only to the extent of obviating the need for a traverse hearing and denying respondent’s CPLR 3211 (a) motion to dismiss the petition. This case is restored to the Non-Housing Part 52 calendar for trial on May 25,1995.