■ Issa M. Naman, Appellant, v Sylveen Realty Co. et al., Respondents. [636 NYS2d 344] —In an action, *inter alia*, to recover damages for wrongful eviction and conversion, the plaintiff appeals from (1) so much of an order of the Supreme Court,

Queens County (Kitzes, J.), dated September 28, 1994, as denied his cross motion for partial summary judgment as to the first cause of action for conversion and the second cause of action for wrongful eviction, and (2) so much of an order of the same court, dated September 30, 1994, as, in effect, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated September 28, 1994, is dismissed, as that order was superseded by the order dated September 30, 1994, made upon reargument; and it is further,

Ordered that the order dated September 30, 1994, is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff correctly contends that his action, *inter alia*, to recover damages for wrongful eviction and conversion was properly commenced in the Supreme Court, which had jurisdiction to determine the cross motion for partial summary judgment (*see, Kolomensky v Wiener*, 135 AD2d 505; *Third City Corp. v Lee*, 41 AD2d 611). However, since the plaintiff failed to establish his causes of action for wrongful eviction and conversion sufficiently to warrant the court to direct judgment in his favor as a matter of law, the plaintiff's cross motion for partial summary judgment was properly denied (*see*, CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557).

There is no merit to the plaintiff's contention that the process server failed to comply with the "reasonable application" requirement of RPAPL 735 and that the judgment of eviction against him was, therefore, void. The process server attempted to serve the notice of petition and petition during the plaintiff's posted office hours. This attempt encompassed a reasonable expectation of success and thus satisfied the requirement of "reasonable application" (*see, Brooklyn Hgts. Realty Co. v Gliwa*, 92 AD2d 602; *Mark Stamping Corp. v Mark Cabinet Mfg. Corp.*, 160 Misc 2d 555; *Kulich v Kulich*, 104 Misc 2d 454; *Palumbo v Estate of Clark*, 94 Misc 2d 1, 4; 3 Rasch, New York Landlord & Tenant—Summary Proceedings, § 42:7, at 88 [3d ed]). However, there are questions of fact concerning the plaintiff's causes of action which require the denial of summary judgment to both parties. Rosenblatt, J. P., Copertino, Friedmann and Krausman, JJ., concur.