OPINION OF THE COURT
Memorandum.
Appeal by petitioner Lawrence M. Lally dismissed as abandoned.
Final judgment reversed without costs and petition dismissed.
In June 2002, occupant Dawn Fasano-Lally’s husband was given permission by his parents, petitioner Lawrence M. Lally and his wife, to occupy a beach house owned by petitioner and his wife. Sometime thereafter, occupant and her husband became estranged, and occupant’s husband vacated the house in January 2007. In a letter dated August 24, 2007, petitioner asked occupant to move out of the beach house by September 8, 2007. In response, occupant’s attorney wrote to petitioner, requesting, inter alla, that petitioner “forward any further communications to [counsel’s] attention and do not serve any other documents on my client directly.” Notwithstanding counsel’s letter, petitioner caused a 10-day notice to quit to be posted at the premises on September 8, 2007, following no previous attempts at service, and to be mailed, by first-class mail only, the next day. Petitioner also caused the 10-day notice to be faxed to occupant’s counsel on September 12, 2007. Thereafter, petitioner commenced this licensee proceeding (RPAPL 713 [7]) by verified petition dated September 21, 2007.
The conspicuous-place service of the 10-day notice to quit was defective. RPAPL 713 requires that the 10-day notice be “served upon the respondent in the manner prescribed in section 735.” RPAPL 735 (1) permits resort to conspicuous-place service only “if upon reasonable application . . . admittance cannot be obtained.” In the instant matter, petitioner failed to make a “reasonable application” to gain admittance before resorting to *31 conspicuous-place service (see Eight Assoc, v Hynes, 102 AD2d 746 [1984], affd 65 NY2d 739 [1985]). In addition, while the 10-day notice was mailed to occupant by first-class mail, petitioner failed to also mail the notice by registered or certified mail, as required by RPAPL 735 (1).
With respect to the fax service on September 12, 2007 of the 10-day notice upon occupant’s attorney, we note that, even assuming that such service was effective (compare Four Star Holding Co. v Alex Furs, 153 Misc 2d 447 [App Term, 1st Dept 1992], with e.g. 43rd Ave. Corp. v IBT Indus., Ltd., NYLJ, May 28, 1991, at 32 [App Term, 2d & 11th Jud Dists]; Besdine Mgt. Co. v Sheldon, NYLJ, May 7, 1990, at 28 [App Term, 1st Dept]), the petition, which was dated, and verified on, September 21, 2007, only nine days after the fax service, was defective, given that a petition pursuant to RPAPL 713 must allege, where service of a 10-day notice to quit is required, that the respondent remained in occupancy after the expiration of the 10-day period (see 3 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 41:35, Forms 92, 94, 95, at 59-60, 62-64 [4th ed]; see also Radlog Realty Corp. v Geiger, 254 App Div 352, 354 [1938]; Smith v Huestis, Hill & Denio 236 [1843]).
In view of the foregoing, the final judgment must be reversed and the petition dismissed (Community Health Plan of Suffolk v Cooley, 129 Mise 2d 844 [1985]). We reach no other issue.
Tanenbaum and Molía, JJ., concur; McCabe, J.P, taking no part.