OPINION OF THE COURT
Paul A. Goetz, J.
Petitioner’s motion to dismiss respondent’s affirmative defenses and for summary judgment and respondent’s cross motion for summary judgment and to dismiss the petition are decided as follows:
Petitioner, 91 Fifth Avenue Corp., initiated this commercial nonpayment proceeding on November 30, 2015 against respondent, Brookhill Property Holdings LLC. The subject premises are located at 91 Fifth Avenue, 6th Floor, New York, NY, 10003. Respondent interposed a verified answer on December 3, 2015 asserting five affirmative defenses: lack of personal jurisdiction, failure to serve a predicate good faith rent demand, prepayment of November and December 2015 rent, failure to plead petitioner demanded the rent from respondent, and improper verification of the petition.
Annexed to the petition is a three-day notice addressed to respondent from petitioner, dated October 29, 2015. The affidavit of service attached to the three-day notice alleges that respondent was served by posting the notice to the door of premises sought to be recovered on November 4, 2015 after a prior unsuccessful attempt at service at the subject premises was made on November 2, 2015. The process server attests that on November 4, 2015, he mailed copies of the notice to respondent at 298 Fifth Avenue, 6th Floor, New York, NY 10001 (not the subject premises) and to respondent’s counsel.
The affidavit of service for the petition and notice of petition states that respondent was served by posting the petition and notice of petition on the door of the premises on November 25, 2015 after a prior unsuccessful attempt at service at the premises was made on November 24, 2015. The process server *813 attests that on November 25, 2015, he mailed copies of the petition and notice of petition to respondent at 298 Fifth Avenue, 6th Floor, New York, NY 10001, and to respondent’s counsel by certified mail return receipt requested, regular certified mail and first-class mail.
There is a companion proceeding to this proceeding, 298 Fifth Ave. Corp. v Brookhill Prop. Holdings LLC (index No. L & T 83287/15). The companion proceeding is a holdover with a pending motion and cross motion for summary judgment before the undersigned. Both sets of motions and cross motions on the proceedings were argued on the same day by the same attorneys. While the named petitioner in the companion proceeding is not the same as in this proceeding, the same individual, Eli Haddad, submitted an affidavit in support of the landlords’ motions in both proceedings. In 298 Fifth Ave. Corp., Mr. Haddad attaches to his affidavit a copy of a lease for premises located at 298 Fifth Avenue, entire sixth floor, New York, NY, entered into between the respondent and the landlord, noting that it was “a temporary accommodation to Respondent.” The lease in 298 Fifth Ave. Corp. commences on September 1, 2015 and ends on December 31, 2015. Mr. Haddad signed the lease on behalf of 298 Fifth Avenue Corp. The affidavit of service for the notice of petition and petition in 298 Fifth Ave. Corp. states that respondent was served on November 16, 2015 by delivering to a person of suitable age and discretion at 298 Fifth Avenue, entire sixth floor, New York, NY 10001, “Respondent’s usual place of business” (emphasis supplied).
Respondent’s Cross Motion for Summary Judgment and to Dismiss
Respondent moves for summary judgment and to dismiss on the grounds that petitioner failed to properly serve a good faith rent demand and the notice and petition as required by Real Property Actions and Proceedings Law §§ 711 (2) and 735, and respondent has paid all rent due to petitioner through December 31, 2015, concomitantly with its surrendering possession of the premises to petitioner.
Service of the Three-Day Notice, Petition and Notice of Petition
Service of the three-day notice, petition and notice of petition must be made in accordance with RPAPL 735 (1) which provides in pertinent part that
“[s]ervice of the notice of petition and petition shall be made by personally delivering them to the *814 respondent; or by delivering to and leaving personally with a person of suitable age and discretion . . . or if admittance cannot be obtained and such person found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered or placing a copy under the entrance door of such premises; and . . . within one day ... by mailing to respondent both by registered or certified mail and by regular first class mail, . . .
“(b) if a corporation, joint-stock or other unincorporated association, as follows: at the property sought to be recovered, and if the principal office or principal place of business of such corporation . . . is not located on the property sought to be recovered, and if the petitioner shall have written information of the principal office or principal place of business within the state, ... to any such place as to which the petitioner has such information.”
Respondent argues that petitioner’s process server failed to make a “reasonable application” to effectuate service on respondent by resorting to conspicuous place service at the subject premises. Respondent argues petitioner had actual knowledge that respondent had not yet taken physical possession of the subject premises because of the build out work being done on the space.
Petitioner counters that it complied with the service requirements of RPAPL 735.
If the court were to look only at the statute, petitioner would be correct. However, as sometimes occurs over time when interpreting statutes, courts impose additional requirements not explicitly stated in the statute. The judicial gloss applied to RPAPL 735 is that the process server must make a “reasonable application” to serve process when resorting to conspicuous place service because it is the least desirable of the three methods of service available (Eight Assoc. v Hynes, 102 AD2d 746 [1st Dept 1984], affd 65 NY2d 739 [1985]). When the attempt is predestined to failure it is not considered a reasonable attempt {id.). In other words, the attempt at service “must not be unlikely to succeed” or “the Court may find it equivalent to no attempt at all” (New York City Hous. Auth. v Fountain, 172 Misc 2d 784, 790 [Civ Ct, Bronx County 1997]; 161 Williams Assoc. v Coffee, 122 Misc 2d 37, 39 [Civ Ct, NY County 1983]). As one court observed,
*815 “[[landlords in the process of negotiating leases and during the duration of the tenancy generally obtain information relative to the business [of the tenant]. . . . [S]uch information should be conveyed to [the landlord’s] attorney [and the attorney] would be under a duty to convey this information to its process server so that the process server can comply with the ‘reasonable application’ standard” (Ancott Realty v Gramercy Stuyvesant Ind. Democrats, 127 Misc 2d 490, 491 [Civ Ct, NY County 1985]).
Applying these principles to this proceeding, the court finds the process server failed to make a “reasonable application” to personally serve respondent. The lease entered into between respondent and 298 Fifth Avenue Corp. signed by Mr. Haddad on behalf of the landlord and annexed to Mr. Haddad’s affidavit in the companion proceeding constitutes an informal judicial admission (Prince, Richardson on Evidence § 8-219 [2008]) that petitioner had direct knowledge that respondent had not yet moved into the subject premises. Nonetheless, only eight days after serving respondent at 298 Fifth Avenue, “Respondent’s usual place of business,” with the holdover proceeding notice and petition, petitioner’s process server attempted personal service on respondent in this proceeding at the subject premises (91 Fifth Avenue, 6th floor). Petitioner’s reply to respondent’s cross motion does not include an affidavit from someone with personal knowledge alleging that respondent moved its business from 298 Fifth Avenue to the subject premises during the eight-day period between service in the holdover proceeding and attempted personal service in this case. Consequently, respondent’s allegation that it had not yet moved into the subject premises is deemed admitted. (Madeline D’Anthony Enters., Inc. v Sokolowsky, 101 AD3d 606, 609 [1st Dept 2012] [“ ‘Facts appearing in the movant’s papers which the opposing party does not controvert, may be deemed to be admitted’ ”], quoting Kuehne & Nagel v Baiden, 36 NY2d 539, 544 [1975].) Because the service method in this proceeding was “predestined to failure” by attempting personal service on respondent at the subject premises where petitioner knew respondent was not yet in occupancy, the court holds it was the equivalent of “no attempt at all.” (30-40 Assoc. Corp. v Destefano, 2003 NY Slip Op 50625 [U], *3 [App Term, 1st Dept 2003] [holding “reasonable application” standard not met where attempted personal service was made at the premises even though landlord knew residential tenant was incarcerated]; contra City of New York v *816 Enzo Biochem, 164 Misc 2d 918 [Civ Ct, NY County 1995] [holding “reasonable application” standard met where landlord attempted service at premises it knew was vacant even though landlord knew location of tenant’s principal corporate headquarters].)
Accordingly, because petitioner failed to make a “reasonable application” to effectuate personal service on respondent, the court lacks personal jurisdiction over respondent and the proceeding must be dismissed.
It is hereby ordered respondent’s cross motion seeking dismissal and/or summary judgment is granted to the extent that the petition is dismissed without prejudice; and it is further ordered petitioner’s motion for summary judgment and to dismiss respondent’s affirmative defenses is denied; and it is further ordered the petition is dismissed without prejudice.