Doji Bak, LLC, Respondent, 
against
Alta Plastics, Appellant.



Appeal from an order of the City Court of Yonkers, Westchester County (Robert C. Cerrato, J.), entered February 3, 2015. The order denied tenant's motion to vacate a default final judgment and dismiss the petition in a nonpayment summary proceeding.




ORDERED that the order is reversed, without costs, and tenant's motion to vacate the default final judgment and dismiss the petition is granted. 
In this commercial nonpayment proceeding, tenant appeals from an order of the City Court which denied tenant's motion to vacate a default final judgment and dismiss the petition.
The affidavit of service indicates that service was made by conspicuous-place service after two attempts had been made to serve tenant at the premises on consecutive days, one at 8:38 p.m. and the other at 8:22 a.m. In support of the motion to vacate the default final judgment and dismiss the petition, tenant's officer averred, among other things, that the premises were vacant at the time service was attempted and, additionally, that landlord's representatives had been to tenant's principal place of business and were aware of its address. Landlord did not dispute these assertions, but argued that the lease provides for the mailing of notices to the premises. 
Pursuant to RPAPL 735, conspicuous-place service is permitted only where the landlord has attempted personal or substituted service and failed after having made a "reasonable application," which requires that there is "at least a reasonable expectation of success in finding a person on the premises to whom delivery may be made" (809-811 Kings Hwy., LLC v Pulse Laser Skin Care, 25 Misc 3d 130[A], 2009 NY Slip Op 52121[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009] [internal quotation marks omitted]; see Naman v Sylveen Realty Co., 222 AD2d 564, 565 [1995]). In our view, under the circumstances presented, landlord's attempts did not constitute a "reasonable application" (see ZOT, LLC v Crown Assoc., 22 Misc 3d 133[A], 2009 NY Slip Op 50215[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; 30-40 Assoc. Corp. v Destefano, NYLJ, Mar. 5, 2003, at 18, col 6 [App Term, 1st Dept 2003]; 91 Fifth Ave. Corp. v Brookhill Prop. Holdings LLC, __ Misc 3d __, 2016 NY Slip Op 26059 [Civ Ct, NY County 2016]). The lease provision regarding the mailing of notices does not alter this result (see Four Star Holding Co. v Alex Furs, Inc., 153 Misc 2d 447 [App Term, 1st Dept 1992]). Consequently, tenant's motion should have been granted.
In view of the foregoing, we reach no other issue.
Accordingly, the order is reversed and tenant's motion to vacate the default final judgment and dismiss the petition is granted.
Iannacci, J.P., Marano and Tolbert, JJ., concur.
Decision Date: May 12, 2016