Ansonia Commercial, LLC, Petitioner-Landlord-Respondent, 
against
Gristede's Foods, Inc., Respondent-Tenant-Appellant, and Madison Capital Holdings LLC and/or XYZ Corporation, Respondent-Undertenant.



Tenant, as limited by its briefs, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Michael L. Katz, J.), entered May 20, 2015, which denied its motion to dismiss the petition in a nonpayment summary proceeding.




Per Curiam.
Order (Michael L. Katz, J.), entered May 20, 2015, insofar as appealed from, affirmed, with $10 costs.
We sustain the denial of tenant's motion to dismiss the nonpayment petition, albeit for reasons different than those stated by Civil Court. We agree with tenant that the written rent demand was not served pursuant to the method of service set forth in RPAPL § 735 (see RPAPL § 711[2]), and that the service method set forth in the lease provision regarding the mailing of notices does not apply to a rent demand pursuant to RPAPL § 711 (see Four Star Holding Co. v Alex Furs, 153 Misc 2d 447, 448 [1992]). However, since tenant does not challenge the portion of the underlying order allowing landlord to amend the petition to assert an oral rent demand, dismissal is unwarranted. RPAPL § 711(2) permits a nonpayment proceeding to be maintained upon proof of an oral demand of the rent "or" a three days' notice in writing (see Tzifil Realty Corp. v Temammee, 46 Misc 3d 144[A], 2015 NY Slip Op 50196[U] [App Term, 2d, 11th and 13th Jud Dists 2015]). Given that the "petition properly alleged an oral demand for rent . . . service of a written demand was not required" (Corbo v West Side Travel, 20 Misc 3d 126[A], 2008 NY Slip Op 51231[U] [App Term, 2d and 11th Jud Dists 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur 
Decision Date: June 17, 2016