Rose Marie Joseph, Respondent,
against
Dan Lyu, Appellant.




Law Office of David G. Goldbas (David G. Goldbas of counsel), for appellant.
Rose Marie Joseph, respondent pro se.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Genine D. Edwards, J.), entered June 4, 2014. The final judgment, after a nonjury trial, awarded landlord possession and the sum of $23,000, and dismissed tenant's counterclaims, in a nonpayment summary proceeding.




ORDERED that the final judgment is modified by deleting therefrom the provision awarding landlord possession and the sum of $23,000, and by substituting therefor a provision dismissing the petition; as so modified, the final judgment is affirmed, without costs.
In this commercial nonpayment proceeding, landlord served a rent demand upon tenant by conspicuous-place service at the premises sought to be recovered, after landlord had made two unsuccessful attempts to serve tenant at the premises. Tenant appeared and answered, asserting, among other things, that the service of the rent demand was defective. Tenant also interposed counterclaims totaling $15,750. Following a nonjury trial, landlord was awarded a final judgment of possession and the sum of $23,000, and tenant's counterclaims were dismissed.
When a rent demand is made by service of a written notice, RPAPL 711 (2) requires that the notice be served upon the tenant in the manner prescribed in RPAPL 735. RPAPL 735 permits conspicuous-place service only when the petitioner has attempted personal or substituted service and failed after having made a "reasonable application," which means that there must be "at least a 'reasonable expectation of success' in finding a person on the premises to whom delivery may be made" (809-811 Kings Highway, LLC v Pulse Laser Skin Care, 25 Misc 3d 130[A], 2009 NY Slip Op 52121[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009], quoting Naman v Sylveen Realty Co., 222 AD2d 564, 565 [1995]; see also Doji Bak, LLC v Alta [*2]Plastics, 51 Misc 3d 148[A], 2016 NY Slip Op 50792[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; ZOT, LLC v Crown Assoc., 22 Misc 3d 133[A], 2009 NY Slip Op 50215[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). In the case at bar, landlord's affidavit of service for the rent notice lists two attempts to serve tenant at the premises. Since, at the time of service of the rent notice, landlord was aware that tenant had never opened a restaurant, or any other business, at the premises, landlord's attempts at service at the vacant commercial premises did not constitute a "reasonable application" (RPAPL 735) prior to resorting to conspicuous-place service, and the service was defective (see Doji Bak, LLC v Alta Plastics, 51 Misc 3d 148[A], 2016 NY Slip Op 50792[U]; ZOT, LLC v Crown Assoc., 22 Misc 3d 133[A], 2009 NY Slip Op 50215[U], *1). Consequently, the petition should have been dismissed.
Furthermore, inasmuch as paragraph 19 of the lease states, in pertinent part, that it is "mutually agreed that in the event Landlord commences any summary proceeding, Tenant will not interpose any counterclaim of whatever nature or description in any such proceeding," the Civil Court, based thereon, properly dismissed tenant's counterclaims. 
Accordingly, the final judgment is modified by deleting therefrom the provision awarding landlord possession and the sum of $23,000, and by substituting therefor a provision dismissing the petition.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 16, 2018