156 Nassau Avenue HDFC, Respondent,
against
Paul Tchernitsky, Also Known as Pavel Czernicki, Appellant, et al., Undertenants.




Paul Tchernitsky, Also Known as, Pavel Czernicki, appellant pro se.
Law Office of Gerald M. Pigott, P.C. (Gerald Pigott of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Steven Z. Mostofsky, J.), dated April 19, 2016. The order denied tenant's motion to dismiss the petition in a holdover summary proceeding.




ORDERED that the order is affirmed, without costs. 
In this commercial holdover proceeding, the petition describes the premises sought to be recovered as "all rooms, Unit 1R, the commercial space on the right side of the building, which extends back 32 feet where it adjoins with the residential unit 1R, 156 Nassau Avenue, Brooklyn, New York 11222." Tenant moved to dismiss the petition for lack of personal jurisdiction based on improper service of process. At a traverse hearing, landlord introduced evidence that the residential unit 1R and the leased commercial premises were contiguous, that both were occupied by tenant, and that the two spaces were separated only by a wall with a door in it. After the hearing, by order dated April 19, 2016, the Civil Court denied tenant's motion, finding, among other things, that the service of process was proper.
At the outset, we note that although the improper service of a notice of termination may present a defense to a holdover proceeding, contrary to tenant's contention, it does not implicate personal jurisdiction (see e.g. 433 W. Assoc. v Murdock, 276 AD2d 360, 360-361 [2000]; Wasserman v Kwiecinski, 54 Misc 3d 136[A], 2017 NY Slip Op 50112[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; Tzifil Realty Corp. v Temammee, 46 Misc 3d 144[A], 2015 NY [*2]Slip Op 50196[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]). Further, tenant's contention that he was not properly served with the notice of petition and petition also lacks merit. RPAPL 735 (1) permits conspicuous-place service when the petitioner has attempted personal delivery to the respondent or to a person of suitable age and discretion at the premises sought to be recovered and failed, after having made a "reasonable application," which requires that there is "at least a reasonable expectation of success in finding a person on the premises to whom delivery may be made" (809-811 Kings Highway, LLC v Pulse Laser Skin Care, 25 Misc 3d 130[A], 2009 NY Slip Op 52121[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009] [internal quotation marks and citation omitted]; see Naman v Sylveen Realty Co., 222 AD2d 564, 565 [1995]; Joseph v Lyu, 58 Misc 3d 159[A], 2018 NY Slip Op 50250[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). Here, we find no basis to disturb the Civil Court's findings of fact, which in large part turned on the credibility of the witnesses (see Holtzer v Stepper, 268 AD2d 372, 372 [2000]), that service of the notice of petition and petition was properly effectuated upon tenant in compliance with RPAPL 735 (1). 
The process server's testimony and affidavit of service established that he had attempted to serve tenant with the notice of petition and petition on November 5, 2015 at 11:30 a.m. and November 6, 2015 at around 9:11 a.m. When service by either method of personal delivery could not be effectuated on November 6, 2015, the process server implemented conspicuous-place service by affixing the documents to the entrance door of the residential unit 1R and mailing the documents to tenant. The process server's two attempts, made during normal business hours when there was a reasonable expectation of success in finding a person on the premises to whom delivery may be made, were sufficient to permit conspicuous-place service (see 809-811 Kings Highway, LLC v Pulse Laser Skin Care, 25 Misc 3d 130[A], 2009 NY Slip Op 52121[U]; compare Joseph v Lyu, 58 Misc 3d 159[A], 2018 NY Slip Op 50250[U]). While the documents were affixed to the door of the residential unit, as opposed to a gate immediately outside of the leased commercial premises, the outer bounds of the leased premises must be deemed to extend to the apartment door, as the credited testimony established that tenant used the leased premises in conjunction with the apartment in operating his business and used the apartment door to gain access to the leased space (see 322 W. 47th St. HDFC v Loo, 50 Misc 3d 143[A], 2016 NY Slip Op 50227[U] [App Term, 1st Dept 2016], affd 153 AD3d 1143 [2017]; compare Back Glen, LLC v Giresi, 22 Misc 3d 133[A], 2009 NY Slip Op 50232[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]).
As for tenant's challenge to the Civil Court's subject matter jurisdiction on the ground that the petition failed to contain a proper description of the premises sought to be recovered, such failure, if any, does not deprive the Civil Court of subject matter jurisdiction, which is conferred by statute (see CCA 204; RPAPL 701; Birchwood Towers #2 Assoc. v Schwartz, 98 AD2d 699, 700 [1983]; 5670 58 St. Holding Corp. v ASAP Towing Servs., Inc., 57 Misc 3d 137[A], 2017 NY Slip Op 51302[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; 17th Holding v Rivera, 195 Misc 2d 531, 532 [App Term, 2d Dept, 2d & 11th Jud Dists 2002]; cf. Clarke v Wallace Oil Co., 284 AD2d 492, 493 [2001]). In any event, considering that the apartment was both physically and functionally connected with the leased premises, we find that the description is adequate for a marshal to locate the premises from which tenant is to be removed.
Accordingly, the order is affirmed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 04, 2019