Palmer House Owners Corp., Respondent,
against
Luce Duchesneau, Appellant, "John Doe" and/or "Jane Doe," Undertenants. 




Donald S. Mazin, Esq., for appellant.
Finger & Finger, P.C. (Daniel S. Finger of counsel), for respondent.

Appeal from an order of the City Court of New Rochelle, Westchester County (Susan I. Kettner, J.), dated March 6, 2018. The order denied tenant's motion to dismiss the petition in a nonpayment summary proceeding.




ORDERED that the order is affirmed, without costs.
In this nonpayment proceeding, tenant appeals from an order which denied her motion to dismiss the petition, which motion was based on allegations that service of the notice of petition and petition was defective (CPLR 3211 [a] [8]); that there was a substantially similar action pending in Supreme Court (CPLR 3211 [a] [4]); and that landlord had served an insufficient rent demand (CPLR 3211 [a] [1]).
After attempts at personal service had been made at 8:23 p.m. and the next morning at 7:12 a.m., landlord served the notice of petition and petition by conspicuous-place service pursuant to RPAPL 735 (1). Contrary to tenant's argument, these attempts constituted a "reasonable application" as required by RPAPL 735 (1), since there was "at least a reasonable expectation of success in finding a person on the premises to whom delivery may be made" (809-811 Kings Highway, LLC v Pulse Laser Skin Care, 25 Misc 3d 130[A], 2009 NY Slip Op 52121[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009] [internal quotation marks and citation omitted]; see also Parkchester Apts. Co. v Hawkins, 111 Misc 2d 896 [App Term, 1st Dept 1981]; cf. Eight Assoc. v Hynes, 102 AD2d 746, 748 [1984], affd 65 NY2d 739 [1985]). 
Since this nonpayment proceeding seeks the recovery of possession (see RPAPL 711), which is not the same relief as that being sought in tenant's Supreme Court action, the City Court correctly determined that dismissal on the ground of prior action pending was not appropriate (see 287 Realty Corp. v Livathinos, 38 Misc 3d 146[A], 2013 NY Slip Op 50308[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]; see also Goldman v A & E Club Props., LLC, 89 [*2]AD3d 681 [2011]; Wharry v Lindenhurst Union Free School Dist., 65 AD3d 1035 [2009]). 
Finally, RPAPL 711 (2) formerly required, insofar as is relevant here, the service of a three-day notice in writing as a prerequisite to the maintenance of a nonpayment proceeding.[FN1]
In lieu of attaching a copy of the entire lease to her motion papers, tenant attached only paragraph 19, denominated "Lessor's Right to Remedy Lessee's Defaults," which gives no indication that the parties intended to contract for additional notice prior to the commencement of a nonpayment proceeding (see Alexander Muss & Sons v Rozany, 170 Misc 2d 890 [App Term, 2d Dept, 2d & 11th Jud Dists 1996]; Four Star Holding Co. v Alex Furs, 153 Misc 2d 447 [App Term, 1st Dept 1992]). Thus, the City Court acted well within its discretion when it concluded that there was "insufficient information" on the record before it as to whether the lease "provides for a lengthier predicate notice requirement than that required by statute." 

Accordingly, the order is affirmed. 

RUDERMAN, J.P., TOLBERT and EMERSON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: August 15, 2019



Footnotes

Footnote 1: It is noted that RPAPL 711 (2) was amended by part M, section 11, of the Housing Stability and Tenant Protection Act of 2019 (L 2019, ch 36) to require the service of a 14-day written notice. However, the amendment applies only to proceedings commenced on or after June 14, 2019 (see L 2019, ch 36, part M, § 29).