159 West 23rd LLC, Petitioner-Landlord-Respondent,
against
Spa Ciel De NY Corp., Respondent-Tenant-Appellant, and "XYZ CORP.," Respondent-Undertenant.




Tenant appeals from an order of the Civil Court of the City of New York, New York County (Judy H. Kim, J.), dated April 15, 2019, which denied its preanswer motion to dismiss the petition in a holdover summary proceeding.




Per Curiam.
Order (Judy H. Kim, J.), dated April 15, 2019, affirmed, with $10 costs.
Civil Court properly denied tenant's preanswer motion to dismiss the holdover petition. Service of the notice of petition and petition upon tenant was properly effectuated by conspicuous service under RPAPL 735(1). The affidavit of service indicates that two attempts were made to personally serve the corporate tenant during normal business hours, specifically at 4:41 p.m. and the next morning at 10:10 a.m., before conspicuous service was effected. This satisfied the "reasonable application" requirement of RPAPL 735(1)(see Eight Assoc. v Hynes, 102 AD2d 746 [1984], affd 65 NY2d 739 [1985]; see also Naman v Sylveen Realty Co., 222 AD2d 564 [1995]; 809-811 Kings Highway, LLC v Pulse Laser Skin Care, 25 Misc 3d 130[A], 2009 NY Slip Op 52121[U] [App Term, 2d Dept, 2d, 11th and 13th Jud Dists 2009]). While tenant's business, a spa, was not yet operational at the time of service, landlord had a reasonable expectation of success in finding a person on the premises to whom delivery could be made (see 156 Nassau Ave. HDFC v Tchernitsky, 62 Misc 3d 140[A], 2019 NY Slip Op 50059[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]), based upon tenant's presence at the premises during the preceding months. Tenant did not provide landlord with written notice of an alternate [*2]address and, as Civil Court correctly noted, the subject premises was listed on the Department of State website as the address for service of process upon tenant.
Moreover, landlord's process server made an additional mailing to the residential address of tenant's president in Great Neck, New York. That residential address was listed as the corporate tenant's mailing address by tenant's insurance broker with respect to the insured West 23rd Street commercial space at issue.
We also agree that landlord was not required to serve a predicate notice of default pursuant to paragraph 17 of the lease, which specifies that if the default (failure to maintain required insurance) is not cured within 15 days, the lease will be cancelled. A tenant's failure to maintain insurance coverage as required by a lease is an incurable default (see Prince Fashions, Inc. v 60G 542 Broadway Owner, LLC, 149 AD3d 529 [2017]; Kyung Sik Kim v Idylwood, NY, LLC, 66 AD3d 528 [2009] ["Plaintiffs' attempt to demonstrate their ability and readiness to cure the alleged violation by procuring, during the cure period, insurance coverage prospectively ... is unavailing, as such policy does not protect defendant against the unknown universe of any claims arising during the period of no insurance coverage"]). Since this case involves a type of default that cannot be cured, service of a notice of default affording tenant an opportunity to cure was not required (see generally Strata Realty Corp. v Pena, 57 Misc 3d 156[A], 2017 NY Slip Op 51646[U] [App Term, 1st Dept 2017], affd as mod 166 AD3d 401 [2018]; see also Definitions Personal Fitness, Inc. v 133 E. 58th St. LLC., 107 AD3d 617 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: February 5, 2020