OPINION OF THE COURT

Per Curiam.

Final judgment of possession entered March 19, 1979 (Danzig, J.) is affirmed, with $25 costs.
In Nelson v Kaufman (NYLJ, Nov. 24, 1978, p 12, col 1) — a case distressingly similar to the case at bar — this court vacated a default judgment and restored to possession an elderly tenant who upon return from a Florida vacation found herself ousted from her apartment and her possessions removed to storage facilities of the Department of Sanitation. In the Nelson case we concluded that the tenant’s default was excusable, that the tenant had not received the notice of petition, and that the tenant was under the impression that the rent due had been paid. In the case now before us, Danzig, J., made a specific finding that the elderly tenant herein (who also returned from vacation in Florida to find herself ejected from her apartment and her possessions in the custody of the Sanitation Department) had — prior to the initiation of this proceeding predicated upon the purported nonpayment of rent for December, 1978 and January, 1979 — tendered rent due for the months of December, 1978 and January, 1979.
Even had no such finding been made, the petition herein was fatally flawed in that it alleged a personal demand for rent had been made upon the tenant and payment was refused. No such personal demand for rent had in fact ever been made upon the tenant. In Fitzgerald v Washington (80 Misc 2d 861, 864) the court noted: "upon default by tenant, the petition alone will not support judgment unless it specifies in what form demand was made and how it was served.” Here, the petition erroneously alleged a personal demand. Proper proof of a legally cognizable personal demand for rent was a necessary prerequisite to the granting of the default judgment (Schwartz v Weiss-Newell, 87 Misc 2d 558, 563). Proof of personal demand or a proper three-day notice (Real Property Actions and Proceedings Law, § 711, subd 2) is a jurisdictional requisite (Rasch, Landlord and Tenant, Summary Proceedings, §§ 1085, 1087). The essentials of the petition and notice of petition are specifically regulated and strictly construed (Teachers Coll. v Wolterding, 75 Misc 2d 465, 468).
*506 One day after "so ordering” a stipulation of settlement between the parties (which stipulation had been entered on the return date of the tenant’s motion to vacate her default) the court signed an order to show cause brought on by the tenant to vacate that settlement. It is of course true that a stipulation is essentially a contract and granting relief from its terms must depend on a showing of good cause (Bond v Bond, 260 App Div 781, 782). While the cases mention as examples of such good cause — collusion, mistake, accident, fraud, surprise — (Stiber v Stiber, 65 AD2d 758; Campbell v Bussing, 274 App Div 893; see, also, 2 Carmody-Wait 2d, NY Prac, § 7:20), the discretion of a court is not that closely confined. The court should act if it appears that the stipulation is unduly harsh or unjust and the parties may be returned to their former status (2 Carmody-Wait 2d, NY Prac, § 7:20; Bond v Bond, supra; Wilson v Wilson, 44 AD2d 667). In Bond v Bond (supra, p 782) the court stated, "It is well settled that the court has power to relieve a party from a stipulation in a situation which is unjust or harsh even when fully understood and authorized.”
There was persuasive evidence at the hearing that this elderly tenant was upset, crying and confused when she signed the stipulation, and the court below noted having observed that the tenant was under "emotional stress” and "considerable pressure” when she executed the stipulation.
Under the circumstances herein, the court below was amply justified in vacating a settlement.
Concur: Dudley, P. J., Hughes and Asch, JJ.