■ In the Matter of PATRICK K. RANALLI, Respondent, v STEPHEN BURNS, Appellant.—Kane, J. P. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), entered December 2, 1988, which, in a proceeding pursuant to RPAPL article 7, *inter alia,* granted possession of the premises to petitioner and denied respondent's counterclaim.

The parties executed a lease in 1985 whereby respondent as tenant took possession of the premises known as Ranalli's Lakeview Inn on Great Sacandaga Lake in Saratoga County. The specific proceeding herein revolves around paragraph 28a of the lease which, in pertinent part, provided: "28a. If (i) Tenant shall make default in the payment of the rent reserved herein or any item of additional rent herein mentioned, or any part of either, and such default shall continue for fifteen (15) days after written notice to Tenant * * * than *[sic]* and in any such event Landlord may give to Tenant ten (10) days notice of intention to end the term of this lease and thereupon at the expiration of said ten (10) days the term of the this *[sic]* lease shall, unless Tenant has cured such default, expire as fully and completely as if that day were the day herein definately *[sic]* fixed for the expiration of said term, and Tenant shall then quit the premises and surrender the same, but shall remain liable as hereinafter provided."

In July 1987, after an apparently acrimonious landlord-tenant relationship, petitioner made a demand upon respondent for rent due. Respondent then allegedly informed petitioner that he had deposited the rent into a bank account and

that petitioner could receive his rent by signing a signature card and withdrawing the funds. On May 6, 1988, petitioner sent respondent a letter which made reference to paragraph 28a (i) of the lease and demanded payment of all back rent. Receiving no response, petitioner sent respondent a letter dated June 16, 1988 notifying respondent that he was electing to terminate the lease and that the same would end on June 26, 1988. Respondent did not answer the letter and, on July 8, 1988, petitioner sent notice that respondent was regarded as a holdover tenant and was to vacate the premises to avoid commencement of proceedings against him. Respondent answered by attempting to exercise an option in the lease to extend its duration. The attempt was rejected based on the lease's termination and, in July 1988, this summary proceeding was commenced by petitioner to recover possession of the premises and rent due. County Court found petitioner entitled to both and this appeal followed.

Respondent contends that paragraph 28a of the lease creates a condition subsequent rather than a conditional limitation such that an action in ejectment is the appropriate remedy and not this summary proceeding. We disagree. The termination clause contained in paragraph 28a is a conditional limitation; its language clearly provides that, if a notice of default were sent, the lease would automatically expire on the termination date fixed in the notice *(see, Perrotta v Western Regional Off-Track Betting Corp.,* 98 AD2d 1, 5). "If the tenant continues in possession after the automatic expiration of the lease, he is holding over and a summary proceeding is maintainable" *(Lamlon Dev. Corp. v Owens,* 141 Misc 2d 287, 290).

We also disagree with respondent's contention that the notice given by petitioner pursuant to RPAPL 711 was insufficient. Specific reference was made to the lease's termination clause and respondent was informed that unless the rent was paid the lease would expire in 10 days. Furthermore, any failure to indicate the exact amount of rent due within the notice could not have prevented respondent from curing his default inasmuch as he deposited approximately the amount claimed in a bank account allegedly representing the amount owed. Despite insufficiencies claimed by respondent, petitioner's notice was sufficient to establish grounds for a summary proceeding *(see,* RPAPL 711 [1], [2]).

We have examined respondent's remaining contentions and find them either without merit or of insufficient gravity to alter County Court's decision.

Judgment affirmed, without costs. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.