OPINION OF THE COURT
Carl O. Callender, J.
In the instant matter the respondent tenant moves to *394 dismiss the instant summary proceeding because, inter alla, the petitioner made an improper demand.
The demand made by the petitioner’s agent only specified an amount ($1,393.75) but did not define the period for which the rent claimed due covered. The respondent argues that such an omission represents a sufficient basis for dismissal of the case.
1. Requirement of RPAPL 711:
RPAPL 711 requires that a demand for rent be made as a precondition to commencing a nonpayment summary proceeding.
A. The general standard.
The general standard for a proper demand is that it inform the tenant of the period for which the rent is due as well as the amount claimed. (See, Schwartz v Weiss-Newell, 87 Misc 2d 191 [1976]; Solack Estates v Goodman, 102 Misc 2d 504 [1979], affd 78 AD2d 512 [1st Dept]; 1890 Realty Co. v Ford, 121 Misc 2d 834 [1983]; Severin v Rouse, 134 Misc 2d 940 [Civ Ct, NY County 1987].)
B. The purpose of the demand requirement.
The goal behind the demand requirement is that a tenant be fairly afforded notice so that he or she may be able to remedy the default and prevent litigation. (See, Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1 [1984].)
It is evident that the underlying rationale beneath the demand strictures of RPAPL 711 is that the tenant receive a reasonable opportunity to eradicate the claimed default in rental payment and avoid unnecessary eviction proceedings. (See, Stiles v Donovan, 100 Misc 2d 1048 [1979].) Thus, summary proceedings are designed to give the landlord a simple, quick and not too costly way to regain possession of the premises where the tenant refuses upon demand to pay rent. (Note the case of New York Univ. v Farkas, 121 Misc 2d 643 [1983].)
C. Exceptions to the general rule.
The courts have decided further that in certain circumstances the landlord’s failure to state the exact amount due does not make the demand statutorily deficient. (Ranalli v Burns, 157 AD2d 936 [1990].)
*395 In the case of Schwartz v Weiss-Newell (supra) the court outlined the following situations in which imprecision does not make the demand statutorily deficient:
1. A specified amount although not the precise amount owed.
2. A demand for an amount less than the amount due.
3. An oral demand.
In capsule form, the Schwartz case (supra) previously mentioned usually requires that the landlord clearly notify the tenant in the demand, the amount due as well as the period for which the claimed amount is due.
D. The respondent’s contention.
The respondent contends that the petitioner failed to accomplish the aforementioned requirement by its demand that omitted the specific period the rent claimed covered. The facts support the respondent’s contention. The basic question with which this court is grappling is, did that omission preclude the respondent an opportunity to avert a default in rent and make the demand notice sufficiently deficient that the case should be dismissed.
E. The contextual setting of the demand.
The circumstances surrounding the demand made by the petitioner are as follows:
1. The demand was made orally on December 1, 1991.
2. The demand was made after the respondent had sent letters to petitioner in 1988, 1989 and 1990 indicating that payments would be delayed or withheld because of the petitioner’s failure to make timely repairs to her apartment.
(a) In one of the letters the respondent stated that if corrections weren’t made swiftly she would be holding the rent until the repairs were made, or until the landlord summoned her to court.
(b) In an April 1990 letter the respondent stated that the rent would only be sent in when the repairs were completed.
(c) In a later April 1990 letter certain expenditures made by the tenant were deducted from the rent ($83.08) and the balance was sent to the landlord.
3. On November 21, 1990 the respondent brought the landlord to court claiming problems caused by a leak were not *396 corrected. On December 7, 1990 an HPD inspector found those conditions still existed. On December 19, 1990 the petitioner was ordered to correct those conditions.
4. The dispossess for nonpayment of rent was signed on December 12, 1991 and service was completed on the respondent on December 15, 1991.
5. The respondent testified that most of the repairs were not completed until the second or third week in December or thereafter.
6. The respondent’s testimony in court also revealed that she believed it was necessary to withhold rent from the petitioner to get him to make the needed repairs.
F. The court’s determination.
Given the circumstances surrounding the demand this court concludes that the omission of the period for which the rent was demanded did not preclude the tenant from receiving the reasonable opportunity to remedy the default and prevent litigation. Rather, this court finds that the respondent fully recognized and welcomed the opportunity to go to court and litigate the issue of the amount of rent and abatement due each party. Accordingly, this court determines that based upon the factual setting, the demand was proper and was not so deficient that it merited a dismissal of the instant case. Accordingly, the respondent’s motion to dismiss is denied.