OPINION OF THE COURT
Richard F. Braun, J.
This is a summary proceeding for nonpayment of rent regarding residential premises. Respondent tenant moves to dismiss this proceeding, pursuant to CPLR 3211 (a) (2) and (7), or alternatively for summary judgment granting such relief. As respondent tenant has already raised the grounds for the motion in paragraph (3) of his answer, the latter motion is the proper one. (Rich v Lefkovits, 56 NY2d 276, 281-282 [1982].)
Pursuant to RPAPL 711 (2), summary proceedings for nonpayment of rent must be preceded by a personal demand for rent or by service of a written notice giving the tenant at least three days to pay the rent or surrender possession of the premises. The Appellate Term, First Department, has held that such a demand is subject matter jurisdictional. (1766-68 Assocs. v Perrier, NYLJ, Nov. 21, 1990, at 21, col 2; Solack Estates v Goodman, 102 Misc 2d 504, 505, affd 78 AD2d 512 [1st Dept 1980].) Although it has been subsequently stated that notices that are predicates to summary proceedings are not subject matter jurisdictional, the two subsequent holdings concerned notices to quit, and, thus as to other types of notices, the statements were dictum. (170 W. 80th St. Tenants Assn. v Cruz, 173 AD2d 338, 339 [1st Dept 1991]; Priel v Priel, NYLJ, Mar. 5, 1993, at 25, col 3 [App Term, 1st Dept].) Therefore, the earlier Appellate Term decisions are controlling. In any event, whether the defect in a predicate notice deprives a court of subject matter jurisdiction or constitutes a failure to state a cause of action, the defect is not amendable. (Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 787 [1980].)
The three-day notice here states, in part: "take notice that you are justly indebted to the Landlord of the above described premises in the amount of $3,975.00 representing rent due and owing from August 1, 1993 until September 30, 1993 which you are required to pay on or before the expiration of three days from the day of the service of this Notice, or surrender up the possession thereof.”
*296 Respondent tenant contends that the three-day notice is defective because it ambiguously says that respondent tenant had to pay the rent demanded on or before three days from the date of service of the three-day notice or surrender possession of the premises, in light of the three-day notice’s having been served on respondent tenant by affixation on the entrance door to the subject premises, and by regular and certified mail, pursuant to RPAPL 711 (2) and 735 (1). Respondent tenant is correct.
A predicate notice must be clear, unequivocal and unambiguous. (Steinmetz v Barnett, 155 Misc 2d 98, 101 [Civ Ct, NY County 1992], and cases cited therein.) This is required for a rent demand notice so that a tenant can make an informed and intelligent decision to follow the dictates of the notice, or not (although the three-day notice here does not say that respondent could do so, of course respondent tenant could, and did choose to ignore the notice, and prepare to defend this subsequently commenced summary proceeding).
First, the notice here is deficient because it uses the legal conclusion "service”. How is a layperson tenant supposed to know precisely what that term means? Second, the term "service” is ambiguous under the circumstances here. If the three-day notice had been personally served on respondent tenant, he could have known when the three-day period began, assuming he understood the term "service”. However, given the method of service of the notice here, there is no way that respondent tenant could have known for sure when the three-day period began. If a rent demand notice is affixed to the entrance door of the subject premises, and the tenant is away for more than a day, the tenant could not know on what date the notice was affixed. Even if the tenant is at home when the affixation takes place, he or she may not know on what date the posting occurred. If the tenant does not hear the process server knock on the door or ring the doorbell to the subject premises (as the process server is required to do before affixation), and the tenant does not go out again that day, the tenant would not be aware of the date of affixation. As to the mailings of the notice by regular and certified mail, there is no way that respondent tenant could know for sure when that occurred. Even the postmarks do not necessarily reflect the date of mailing, because, for example, the envelopes could have been dropped into a United States Postal Service mailbox after the last mail pickup of the day, and thus the *297 postmark would not be put on the envelopes until the next mail pickup day at the earliest.
Petitioner argues that it is impossible to specify in a rent demand notice precisely when the period of at least three days begins. That is not so. All that petitioner had to do was put in the three-day notice a specific date by which respondent tenant had to pay the rent demanded or surrender possession, and then give the three-day notice to the process server with instructions to serve it at least three days before the specified date. This would be no more difficult than the way that a petitioner commences a summary holdover proceeding (in fact, less difficult). There, the petitioner specifies a trial date in the notice of petition before it is served, and then the petitioner’s process server is instructed or knows to serve it between 5 and 12 days before the trial, as required under RPAPL 733 (1).
Therefore, the three-day notice here is defective. (Cf., St. Thomas Episcopal Senior Citizens HDFC v Thompson, NYLJ, Dec. 6, 1989, at 26, col 3 [Civ Ct, Kings County, Brandveen, J.] [a notice to cure was held to be flawed because no date was stated by which the respondent had to cure, but rather the notice stated that the cure had to occur within 10 days of receipt of the notice].)
Thus, summary judgment is awarded to respondent tenant dismissing this proceeding without prejudice. Respondent tenant’s request for attorneys’ fees is denied without prejudice because it is expected that petitioner will commence a new proceeding against respondent tenant on the claim for rent. (See, Broome Realty Corp. v Sakas, NYLJ, June 24, 1992, at 22, col 3, June 26, 1992, at 21, col 4 [Civ Ct, NY County], and cases cited therein.)