OPINION OF THE COURT
Michael D. Stallman, J.
May a written rent demand request payment of unspecified sums that "may be due”? Is disclosure permitted in a summary nonpayment proceeding for the landlord to determine the amount of rent arrears? Is a written rent demand amendable during the pendency of the proceeding?
In six related proceedings, petitioner moves for leave to conduct discovery and respondents cross-move for summary judgment dismissing the petition. Respondents assert, inter alia, that each three-day rent demand notice is defective because it does not make a good-faith demand for the sum that petitioner believes is due and owing.
Petitioner became the owner of the subject building in November 1994. The prior owner, North Jersey Trading Corp., defaulted on mortgage obligations. During a 1991 foreclosure *177 proceeding, the court appointed a receiver. Thereafter, in 1993, North Jersey filed a petition in bankruptcy and the Bankruptcy Court appointed a trustee. The building was sold to another entity in 1994, which then sold it to petitioner. By a separate but related transaction, petitioner apparently acquired an assignment of past due rents, but the assignment did not specify what, if anything, was in fact due from each tenant. Petitioner contends that it received only incomplete rent records from its predecessors.
Each three-day notice contained substantially the same language, including a schedule of rent due each month during the period between July 1993 and the date of the notice. The monthly amounts, and the claimed total differed for each tenant.
The Jorrin demand states in pertinent part:
"Please take notice, that you are justly indebted to the undersigned landlord in the total sum of $10,077.91* for rent and additional rent, if any, as set forth below, which you are required to pay on or before 5/10/95 that being not less than three (3) days from the service of this notice upon you or you must surrender possession of the above referenced premises to the landlord. If you fail to make complete payment of the rent or surrender possession of the premises within said time period, the landlord will commence summary proceedings to recover possession of the above referenced premises.
"*'Plus any and all arrears which may be due from June 1989 through June 1993.’
"Rent owed [Month-by-month breakdown July, 1993-May, 1995],
"Total owed [sum of breakdown].”
The petitions track the structure of the three-day notices: Monthly breakdowns for the 1993-1995 period, a sum of the monthly breakdown designated "total owed” and the asterisked "may be due” clause for the 1989-1993 period.
Although respondents do not specifically raise laches or staleness as a defense by name, respondents argue that the three-day notice improperly seeks to reach back six years (i.e., the CPLR 213 [2] Statute of Limitations period for contract actions) and that petitioner is attempting to bring a plenary action under the guise of a summary proceeding while simultaneously seeking a possessory judgment.
Service of the three-day notice serves two important functions. It is the statutory predicate for a summary nonpayment *178 proceeding. (RPAPL 711 [2].) Accordingly, if a proper notice is not served, the subsequently commenced proceeding must be dismissed. Moreover, it informs the tenant of the amount of rent claimed due and what the tenant must do to avoid litigation which could result in eviction. In order to serve both functions, the notice must allege the approximate dollar amount[1] which the petitioner believes, in good faith, is due and owing (London Terrace Gardens v Stevens, 159 Misc 2d 542; Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1). It must demand payment of that sum, or surrender of the premises; if the tenant does not comply, only then may the owner commence a summary nonpayment proceeding to evict the tenant. (RPAPL 711 [2].) In order to comply with the statute and give notice, the written demand must state facts, present the alternatives and convey the consequence of noncompliance. Accordingly, the demand must be definite and unequivocal.
The asterisked language "plus any and all arrears which may be due from June 1989 through June 1993” (emphasis supplied) renders the "notice” both indefinite and equivocal. It demands an unspecified, speculative amount clearly different from and in addition to that specified as "Rent Due” and "Total Due”. It is not notice as contemplated by the statute; it is a direction to the tenant to calculate the amount of rent due over a four-year period beginning six years ago. It conveys contradictory and ambiguous signals about what the tenant must pay to avoid eviction, forcing the tenant to guess, at his or her peril. Petitioner may not assert that past rent "may be” due, thereby shifting to the tenant the burden of determining if it is due, and if so, in what amount.
Petitioner’s motions for leave to conduct discovery amount to a significant admission that petitioner does not now know if respondents have leases, how much they are obligated to pay each month as rent, or whether any amounts were paid to predecessors in interest between June 1989 and July 1993. The specific amounts claimed due since July 1993 in both the three- *179 day notice and petition are apparently based on Department of Housing and Community Renewal (DHCR) and Bankruptcy Court records. Petitioner’s own papers support the view that, when petitioner served the three-day notice, it did not then have a good-faith belief as to the amount actually owed at least for the period prior to July 1993. Indeed, petitioner lacked, and still lacks, the data needed to form such a good-faith belief for that period.
Discovery intended to determine the amount of rent owed is inappropriate here and cannot be used to cure the fatal defect in the three-day notice. A written rent demand is not subject to amendment to cure the kind of substantive defect at issue here. The three-day notice is not a pleading; rather, it is a notice to the tenant of what must be done to forestall a summary proceeding. It speaks when it is served and must convey adequate notice at that time. To permit amendment of a three-day notice after the fact, during the pendency of the proceeding which the notice is intended to avert, both subverts the statutory purpose of the notice and amounts to rewriting history.
Leave to undertake disclosure may be sought in summary proceedings under unusual circumstances, based on a showing of demonstrable need. (New York Univ. v Farkas, 121 Misc 2d 643.) However, as the Farkas court indicated, the disclosure sought must relate to a definite, good-faith, litigable claim. Disclosure may not be used within a summary proceeding to determine if a claim exists. To the extent that the disclosure sought here is necessary to determine the amount in controversy and may be necessary to draft a proper rent demand and pleading, it is inappropriately sought after commencement of the proceeding.
To permit inclusion of the asterisked language in the three-day notice and the petition would fundamentally alter the nature of the summary proceeding. The summary proceeding is intended to provide an owner with a swift and expeditious vehicle to regain possession upon the tenant’s default in the payment of rent, not two or six years later. It is not designed to permit an owner to assert a speculative two- to six-year-old monetary claim, or to grant what amounts to a trial preference over all other pending plenary contract actions. To hold otherwise would encourage routine hypothetical pleading in summary proceedings, and unfairly permit an owner to seek a possessory judgment based on any potential arrearage that may have occurred at any time within the six-year contract *180 limitation period. Such a holding would effectively abrogate the sound principle that a possessory judgment cannot be sought for "stale rent”, i.e., an owner cannot forbear from bringing a summary proceeding, allowing the arrearage to mount to a level where the tenant cannot satisfy it, thereby making eviction inevitable. (See, Gramford Realty Corp. v Valentin, 71 Misc 2d 784 [Irving Younger, J.].)
Assuming arguendo that petitioner has a valid assignment of past due rents which covers the entire 1989-1993 period, and that its assignor was legally capable of assigning any such possible arrears, the circumstances strongly suggest that petitioner purchased a speculative unpursued monetary claim, knowing that it lacked the hard data to evaluate its value. Petitioner should not be permitted to seek a possessory as well as a money judgment based on such a claim. It would be manifestly unfair to permit petitioner to seek six years of rent together with a possessory judgment in this summary proceeding in a way that could unfairly provoke a forfeiture of the leasehold.
Petitioner is not left without a remedy. In each case, petitioner may serve a proper rent demand notice for the amount it believes, in good faith, is due and owing, and thereafter commence a summary proceeding. Petitioner should have no difficulty determining the proper amount for the period of its ownership. Petitioner may commence a plenary action, seeking a money judgment for the balance. If necessary, to frame a pleading, petitioner may seek preaction disclosure by court order. (See, CPLR 3102 [c].)[2]
Accordingly, respondents’ motions for summary judgment are granted. These proceedings are dismissed without prejudice to actions and/or proceedings in appropriate fora.
Petitioner’s applications for leave to conduct disclosure to determine the amount of rent owed are denied without prejudice to proper motions for prepleading disclosure brought in *181 the appropriate forum.[3] The balance of the disclosure motions is denied without prejudice.

. In a commercial holdover proceeding, the Third Department held that a landlord’s contractual notice of default, drafted and served in compliance with a lease provision, was sufficient to trigger a conditional limitation, although it did not demand payment of a specific amount. (Matter of Ranalli v Burns, 157 AD2d 936.) Ranalli is inapposite here. Not only is it fact specific; the contractual notice in Ranalli is a different kind of notice than the statutory notice at issue here, which must conform to the requirement of RPAPL 711 (2). The citation to "RPAPL 711 [1], [2]” (Matter of Ranalli v Burns, supra, at 937) is an apparent error; RPAPL 711 (2) applies to nonpayment proceedings like the instant case, not to holdover proceedings like Ranalli.

. In oral argument, petitioner’s counsel indicated that the asterisked clause should be permitted, in order to interpose the claim for Statute of Limitations purposes and to avoid splitting a cause of action. These issues are not before the court, and the court does not rule on them except to indicate that, for the reasons stated, counsel’s view is not a proper basis for either sustaining the three-day notice and petition, or for expanding the summary proceeding. To the extent that any rights flowing to petitioner from the assignment arise from a different transaction and constitute a separate cause of action, their assertion in a separate plenary action would not amount to splitting the cause of action.

. Based on the papers and oral argument, the amount in each case would be in excess of Civil Court’s subject matter jurisdiction for plenary actions.