OPINION OF THE COURT
Per Curiam.
Order dated September 12, 1995 modified by denying tenants’ motions for summary judgment and by reinstating the nonpayment petitions only insofar as they seek possession for itemized rent arrears for the months ending May 1995; as modified, order affirmed, without costs.
 At issue in these six consolidated nonpayment proceedings is the validity of petitioner’s three-day demands for rent. We agree for the reasons stated by Civil Court that the notices, insofar as they demanded "any and all arrears which may be due” for a three-to-four-year period commencing June 1989, were too indefinite and equivocal to serve as a predicate for a summary eviction proceeding. It is apparent that petitioner, an assignee of the rents in suit, lacks knowledge as to the amounts which may be owed and the amounts paid to its predecessors in interest. The disclosure petitioner seeks in order to ascertain the remote arrears dating back to 1989 is more appropriately invoked in the context of a plenary action.
As to the more recent rents, which were specifically itemized by month through the May 1995 date of the rent demands, *294 the nonpayment petitions may go forward. These amounts were not speculative or hypothetical, and tenants were on notice that unless they paid the total sum demanded within three days, summary proceedings would be commenced.
Petitioner’s motions to strike tenants’ jury demands and for other relief, not reached below, may be renewed in the Civil Court.
Parness, J. P., Freedman and Davis, JJ., concur.