OPINION OF THE COURT
Memorandum.
Final judgment unanimously reversed without costs, petition reinstated and matter remanded to the court below for further proceedings.
In this nonpayment proceeding, landlord’s employee testified that he went to tenant’s apartment and told tenant that he owed landlord $500 per month for the months of September through December 1994 and monthly rent of $1,500 for January and February 1995 for a total owed of $5,000. He further told tenant that if the money was not paid landlord would bring an eviction proceeding.
After landlord rested, tenant moved to dismiss on the grounds, inter alia, that landlord’s oral demand for rent did not include a "date certain” by which rent had to be paid and that the lease required that all notices be in writing. The Housing Court granted the motion upon the former ground and found that it did not need to reach the latter ground.
We reverse. There is no requirement in RPAPL 711 (2) that a demand include a "date certain” by which rent must be paid and we expressly disapprove of the imposition of such a requirement. As the Appellate Term, First Department, has stated, "the demand requirements of RPAPL 711 (2) should not be encumbered by judicially promulgated technicalities” (Trustees of C.I. Mtge. Group v NYILR Ltd., NYLJ, Dec. 8, 1978, at 6, col 3).
With respect to the lease provisions requiring that "[ajny bill, statement or notice must be in writing” and that all notices be sent by certified mail, it is our view that these provisions, which make no specific reference to a demand for rent or to the statute, were not intended to apply to a rent demand. The law has always required the making of a personal demand or, in the alternative, service of a three-day notice in writing as a prerequisite to the maintenance of a nonpayment proceeding (see, e.g, Tolman v Heading, 11 App Div 264; Zinsser v Herrman, 23 Misc 645) and the parties are presumed to have contracted with knowledge of this law (see, e.g., Dolman v United States Trust Co., 2 NY2d 110; 22 NY Jur 2d, Contracts, § 202). In light of this presumption, the most reasonable inter *892 pretation of the lease provision is that it was not intended to apply to a demand for rent, which is not a "bill, statement or notice”. While parties are free to agree to require additional notice of a default in rent (see, Hendrickson v Lexington Oil Co., 41 AD2d 672; Shaw v Hunter, NYLJ, Dec. 27, 1990, at 26, col 4 [App Term, 2d & 11th Jud Dists]), there was here no indication of such an intention. Nor is there here any indication that the parties intended to vary the requirements of the statute and such an intention will not be presumed unless clearly expressed (see, Four Star Holding Co. v Alex Furs, 153 Misc 2d 447 [App Term, 1st Dept]). In any event, even if clearly expressed, such an intention would not be given effect (see, 96-18 43rd Ave. Corp. v IBT Indus., NYLJ, May 28, 1991, at 32, col 4 [App Term, 2d & 11th Jud Dists]; cf., Lana Estates v National Energy Reduction Corp., 123 Misc 2d 324, 326).
Kassoff, P. J., Scholnick and Aronin, JJ., concur.