OPINION OF THE COURT
Lucy Billings, J.
In these commercial summary nonpayment proceedings, *196 consolidated for decision on the pending motions, petitioners under index No. 95594/99 seek possession of the ground floor and part of the cellar at 138-140 West Houston Street and, under index No. 95595/99, the rear portion of the ground floor store at 142 West Houston Street, New York County. Respondent moves to dismiss the proceedings pursuant to CPLR 3211 (a) and RPAPL 741, based on petitioners’ failure to plead the content and circumstances of the oral rent demands. Petitioners cross-move to amend the petitions to allege the specific circumstances of the oral rent demands.
I. The Requirements for Rent Demands
A tenant who has defaulted in rent payments may not be removed from possession of the rental premises in a summary proceeding unless “a demand of the rent has been made, or at least three days’ notice in writing requiring, in the alternative, the payment of the rent, or the possession of the premises, has been served upon him as prescribed in section 735.” (RPAPL 711 [2].) The demand requirement ensures that tenants receive sufficient notice of the nature of the alleged default to permit timely cure and avoid unnecessary litigation. (J.D. Realty Assocs. v Jorrin, 166 Misc 2d 175,178 [Civ Ct, NY County 1995], affd 169 Misc 2d 292 [App Term, 1st Dept 1996]; Zenila Realty v Masterandrea, 123 Misc 2d 1, 10 [Civ Ct, NY County 1984]; 1675 Realty Co. v Quinones, 152 Misc 2d 393, 394 [Civ Ct, Bronx County 1991].) Thus the rent demand “must fairly afford the tenant, at least, actual notice of the alleged amount due and of the period for which such claim is made. At a minimum, the landlord or his agent should clearly inform the tenant of the particular period for which a rent payment is allegedly in default and of the approximate good faith sum of rent assertedly due for each such period.” (Schwartz v Weiss-Newell, 87 Misc 2d 558, 561 [Civ Ct, NY County 1976]; accord, Western Hotels Co. v Ramsay, NYLJ, Dec. 20, 1979, at 10, col 4 [App Term, 1st Dept]; J.D. Realty Assocs. v Jorrin, 166 Misc 2d, at 178, affd 169 Misc 2d 292; Severin v Rouse, 134 Misc 2d 940, 944 [Civ Ct, NY County 1987]; St. James Ct. v Booker, 176 Misc 2d 693, 695 [Civ Ct, Kings County 1998].)
II. Petitioners’ Allegations of a Rent Demand
Both petitions allege that: “Rent has been demanded personally from the tenant since the same became due.” (Affidavits of Howard Grun, exhibit A ft 5.) Petitioners move to amend the petitions to allege that: “Rent has been demanded personally by Ronald Feldman, managing agent of Petitioner on Septem *197 ber 10, 1999 from Scott Gordon-Somer, a Member of Respondent, at 138-140 W. Houston St., New York, N. Y.” (Affidavits of Ronald Feldman, exhibit A 5.) Although both versions could be clearer about how the predicate rent demand was made, both may be understood to mean the rent demand was made orally.
III. The Requirements for Pleading the Rent Demand
The content of oral rent demands must satisfy the Schwartz-Western Hotels standard for petitioners to prevail on the merits. Oral demands, of course, are not documents that can be readily incorporated in the pleadings like written demands. In the case of an oral demand, the court must determine whether facts sufficient to satisfy the standard must be alleged in the petition itself.
The predicate demand, whether oral or written, is one of “the facts upon which the special proceeding is based,” and those facts must be alleged in the petition. (RPAPL 741 [4]; see, 618 W. 136th St. Realty Corp. v Peralta, NYLJ, Feb. 1, 1995, at 29, col 2 [Civ Ct, NY County].) On the other hand, neither RPAPL 741 nor 711 (2) explicitly requires that the contents or underlying facts of oral demands be pleaded or otherwise reduced to writing and served pursuant to RPAPL 735. Nor does RPAPL 711 (2) specify any content for oral demands or means for making them. (Matter of Pepe v Miller & Miller Consulting Actuaries, 221 AD2d 545, 546 [2d Dept 1995]; Kiss v Castellanos, NYLJ, Apr. 21, 1999, at 27, col 3 [Civ Ct, NY County].) In contrast, RPAPL 711 (2) specifies that a written notice must demand the rent to be paid or possession and be served three days in advance of the proceeding and according to the precise prescriptions of RPAPL 735. In the case of an oral demand, the issue is whether the allegation simply that a demand was made personally or orally is enough.
Ordinarily, “where the statutory language is clear and unambiguous, the court should construe the statute to give effect to the plain meaning of the words.” (Eaton v New York City Conciliation & Appeals Bd., 56 NY2d 340, 345 [1982].) Particularly in summary proceedings: “The essentials of the petition and notice of petition are specifically regulated and strictly construed.” (Solack Estates v Goodman, 102 Misc 2d 504, 505 [App Term, 1st Dept 1979], affd 78 AD2d 512 [1st Dept 1980].) While the court may give meaning and effect to the statutory content, timing, and service requirements for written demands in RPAPL 711 (2), there are no such requirements to delineate or construe for oral demands: only that they be made.
*198 “A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended intentionally to omit * * * [T]he failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 74.) Thus the court must construe the Legislature’s exclusion of the specifics of oral demands from the pleading requirements of summary nonpayment petitions as intentional. (See, Schwartz v Weiss-Newell, 87 Misc 2d, supra, at 562; Kiss v Castellanos, NYLJ, Apr. 21, 1999, at 27, col 3, supra.)
“The Legislature has not prescribed specific requirements for a proper demand pursuant to RPAPL 711 (2). The demand is merely to place the tenant on notice of the pendency of an action due to the tenant’s default. Absent evidence of contrary legislative intent, the demand requirements of RPAPL 711 (2) should not be encumbered by judicially promulgated technicalities.” (Trustees of C.I. Mtge. Group v NYILR Ltd,., NYLJ, Dec. 8, 1978, at 6, col 3 [App Term, 1st Dept]; accord, Muss & Sons v Rozany, 170 Misc 2d 890, 891 [App Term, 2d Dept 1996].)
While RPAPL 711 (2)’s minimal requirement for oral demands must be applied strictly, the allegations pleaded to meet statutory requirements in summary proceedings, including threshold notices, are to be construed liberally. (Brusco v Miller, 167 Misc 2d 54, 55 [App Term, 1st Dept 1995].) Thus, where petitions allege personal or oral demands for rent, those facts, by themselves, suffice for pleading purposes. (See, e.g., Western Hotels Co. v Ramsay, NYLJ, Dec. 20, 1979, at 10, col 4, supra; Kiss v Castellanos, NYLJ, Apr. 21, 1999, at 27, col 3, supra.) RPAPL 741 (4) does not bar petitions that omit the underlying facts of an oral demand.
Although in 618 W. 136th St. Realty Corp. v Peralta (NYLJ, Feb. 1, 1995, at 29, col 2, supra) the court may have discerned an anomaly in treating the pleading of oral and written demands differently, both theoretical and practical considerations support the result reached here. RPAPL 711 (2) “indicates a preference for a demand to be personally made.” (Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1, 3, supra.) This “practical legislative approach” recognizes that “in the personal demand, the landlord or his agent is immediately available to the tenant to answer any of the tenant’s questions with respect to the demand for rent or to enlarge upon the practical ramifications of a continued default in payment, if the tenant so inquires.” (Schwartz v Weiss-Newell, 87 Misc 2d 558, *199 562, supra.) While this exchange must include the minimum information for proper demands, it need not include “a verbalization of all of the detailed language of * * * written notification.” (Supra, at 562.)
This lack of formalism associated with oral demands reflects not only the practicalities of the event but the exigencies of pleadings. A copy of a written demand is the best evidence of the demand’s specific content and may be readily attached to the pleadings. Reducing the substance and circumstances of oral demands to writing is more difficult, especially where the demand is the product of exchange between the parties rather than the petitioner’s unilateral act. If the petitioner does not articulate the demand clearly or specifically enough, the petitioner may resort to the tenant’s hearsay admissions to prove the demand through the tenant’s understanding of it. Even where the oral exchange is straightforward, reducing it to writing invites self-serving interpretative editing and paraphrase and litigation at the pleading stage as to what was or was not said.
Whether from a belief that oral demands may convey the necessary information more meaningfully, that more difficult pleading requirements should not be imposed on parties who use this preferred method, or that an alternative policy would defeat the purposes of summary proceedings, the Legislature has excluded the specifics of oral demands from the pleading requirements in summary nonpayment proceedings. While a rule requiring sworn allegations of the substance and circumstances of an oral demand might not be overly burdensome, without legislative action or an interpretation of legislative intent by a court of superior jurisdiction, this court may not impose pleading standards for nonpayment petitions not explicitly required by statute or controlling case law. (McKinney’s Cons Law of NY, Book 1, Statutes § 74.)
IV. Conclusion
The petitions’ statement, “Rent has been demanded personally from the tenant since the same became due,” sufficiently pleads the predicate oral rent demand in a summary nonpayment proceeding. (Grun affidavits, exhibit A 5.) Respondent retains a remedy for any claim that the oral rent demands were inadequate under RPAPL 711 (2) based on content, delivery, or other circumstances: such claims are issues for trial. They may not be determined based solely on the pleadings. (Four Star Holding Co. v Alex Furs, 153 Misc 2d 447, 449 [App Term, 1st Dept 1992]; Kiss v Castellanos, NYLJ, Apr. 21, *200 1999, at 27, col 3, supra.) Therefore the court denies respondent’s motions to dismiss the petitions on this ground at this pleading stage. (CPLR 3211 [a] [7].)
Since the petitions survive dismissal, the court grants petitioners’ motions to amend the petitions to allege the circumstances of the oral demands as set forth in the proposed amended petitions. Even though these further allegations may be unnecessary, respondent has not shown that the amendments will delay the proceedings or prejudice respondent. (CPLR 3025 [b]; Fahey v County of Ontario, 44 NY2d 934, 935 [1978]; City of New York v Cross Bay Contr. Corp., 235 AD2d 10, 14 [1st Dept 1997].)