OPINION OF THE COURT
Rolando T. Acosta, J.
In this commercial holdover proceeding, respondent’s motion to dismiss the petition requires the court to decide whether dismissal of a nonpayment petition is mandated where the rent demand notice, which was served by personal delivery, fails to specify a date certain by which the allegedly owed rent must be paid, and instead states that the tenant is required to *294 pay the rent “on or before the expiration of three days after service of this notice.”
The Contentions of the Parties
Respondent moves for an order dismissing the petition upon the ground that the notice of rent demand did not specify a date certain by which the claimed outstanding rent had to be paid to avoid the commencement of this summary proceeding. Instead, the rent demand notice provides, “You are required to pay on or before the expiration of three days after service of this notice upon you, or to give up possession of the premises to the sublessor.”
Relying upon 95 Riv. Co. v Burnett (160 Misc 2d 294, 296 [Civ Ct, NY County 1993]), respondent argues that the rent demand served as a predicate to this proceeding was insufficient because a tenant could not ascertain from the notice exactly when the three-day period commenced and ended, given the absence of a date certain thereon. The tenant’s confusion and/or uncertainty arises, according to respondent, because laypersons generally are unable to know when they have been “served,” since “service” is a legal term of art. Respondent does not allege, however, that it was personally uncertain as to the meaning of the terms in the rent demand, or that it attempted to remit its rent prior to the commencement of the proceeding.
Petitioner opposes the motion, relying upon 105th St. Brusco Assocs. v 105th Pizza (NYLJ, Oct. 5, 1994, at 22, col 3 [Civ Ct, NY County]), a case in which the court reached a contrary conclusion, finding that the failure to specify a date certain on a rent demand notice did not render the notice insufficient. Petitioner also contends that the rent demand notice was sufficient in this proceeding because there could not have been any uncertainty regarding the timing of “service” since respondent was served by personal delivery.
Discussion
It is well settled that summary proceedings for nonpayment of rent must be preceded by a personal demand for rent or by service of a written notice giving the tenant at least three days to pay the rent or surrender possession of the premises. (RPAPL 711 [2]; Solack Estates v Goodman, 102 Misc 2d 504, 505 [App Term, 1st Dept 1979], affd 78 AD2d 512 [1st Dept 1980].)
When the landlord chooses to serve a written demand, the rent demand must be sufficiently “definite and unequivocal” *295 (J.D. Realty Assocs. v Jorrin, 166 Misc 2d 175, 178 [Civ Ct, NY County 1995], affd sub nom. J.D. Realty Assocs. v Scoullar, 169 Misc 2d 292 [App Term, 1st Dept 1996]) to provide adequate notice of the nature of the alleged default in rent payments and allow the tenant to remedy any default and thus avoid unnecessary litigation and eviction. (See Zinsser v Herrman, 23 Misc 645, 646 [App Term, 1st Dept 1898] [“it has always been the policy of the law” that the demand be “in unequivocal language, and under circumstances which would place that person immediately in a position to satisfy the demand and save his estate”]; Kulok v Riddim Co., 185 Misc 2d 195 [Civ Ct, NY County 2000].)
One of the portions of the rent demand notice which must be definite and unequivocal is the date by which the tenant could cure the nonpayment of rent to avoid the threatened litigation. The question in this proceeding is whether the rent demand may simply indicate that payment must be made within three days of service of the demand notice, or must specify a date certain by which payment must be made. Courts addressing this question have reached different results.
In 95 Riv. Co. v Burnett (supra, 160 Misc 2d, at 295), the case upon which respondent heavily relies, the rent demand notice, like the notice here, provided that the residential tenant was “ ‘required to pay [rental arrears] on or before the expiration of three days from the day of the service of this Notice.’ ” The court held that such a notice was “deficient” because the notice “uses the legal conclusion ‘service,’ ” and “the term ‘service’ is ambiguous under the circumstances here,” where the notice was served by conspicuous service. (Id., at 296.) The court expressed concern that a “layperson tenant” may not “know precisely what that term [‘service’] means.” (Id.)
Citing 95 Riv. Co. (supra), two other courts have reached similar conclusions regarding rent demand notices which fail to specify a date certain by which the rent must be paid. (See Parkchester Apts. Co. v Walker, NYLJ, June 28, 1995, at 30, col 1 [Civ Ct, Bronx County]; 2966 Briggs Co. v Soto, NYLJ, Nov. 22, 1994, at 28, col 1 [Civ Ct, Bronx County].)
At least one court, however, has reached the opposite conclusion. In 105th St. Brusco Assocs. v 105th Pizza (NYLJ, Oct. 5, 1994, at 22, col 3 [Civ Ct, NY County], supra), the case upon which petitioner relies, the rent demand notice was, in pertinent part, identical to the notice in 95 Riv. Co. (supra). The court in 105th St. Brusco Assocs. (supra), however, held that the notice was sufficient, ruling that the language of the *296 notice was not ambiguous and. is no different than that which is specifically prescribed by Uniform Rules for Trial Courts (22 NYCRR) § 208.42 (d), for service of a notice of petition (i.e., “that within five [5] days after service of this Notice of Petition upon you, you must answer,” etc.).
Also, in 1996 the Appellate Term, Second Department, addressed the issue in the context of an oral rent demand (Muss & Sons v Rozany, 170 Misc 2d 890 [App Term, 2d Dept 1996]). The respondent argued that a landlord making an oral rent demand must specify a date certain by which the tenant must pay the rent. The court, in broadly worded language which was not expressly limited to oral rent demands, ruled that a date certain need not be specified, stating:
“There is no requirement in RPAPL 711 (2) that a demand include a ‘date certain’ by which rent must be paid and we expressly disapprove of the imposition of such a requirement. As the Appellate Term, First Department, has stated, ‘the demand requirements of RPAPL 711 (2) should not be encumbered by judicially promulgated technicalities’ (Trustees of C.I. Mtge. Group v NYILR Ltd., NYLJ, Dec. 8, 1978, at 6, col 3).” (Muss & Sons v Rozany, supra, 170 Misc 2d, at 891.)
Although precedent from the Appellate Term, Second Department, is usually binding upon lower courts in the First Department where, as here, the First Department has not directly addressed the issue (Mountain View Coach Lines v Storms, 102 AD2d 663, 664 [2d Dept 1984]), the Appellate Term’s decision in Muss & Sons v Rozany (170 Misc 2d, supra, at 891) is not necessarily binding because the decision, addressing as it does the sufficiency of an oral rent demand, is not directly on point. Nevertheless, given the broadly worded language of the decision and its cite to the Appellate Term, First Department case of Trustees of C.I. Mtge. Group v NYILR Ltd. (supra), Muss & Sons v Rozany (supra) certainly represents persuasive authority in this Department.
Considering the foregoing authority, this court agrees with petitioner and the court in 105th St. Brusco Assocs. v 105th Pizza (supra) that a written rent demand notice which fails to specify a date certain by which the rent must be paid is not ambiguous or otherwise insufficient. The declaration regarding oral demands in Muss & Sons v Rozany (supra, at 891) that “[t]here is no requirement in RPAPL 711 (2) that a demand include a ‘date certain’ by which rent must be paid” is equally *297 true for written rent demands. In neither case should courts “encumber” RPAPL 711 (2) with “judicially promulgated technicalities.” (Trustees of C.I. Mtge. Group v NYILR Ltd., supra, at 6, col 3.)
Further, even assuming the accuracy of the whole premise of 95 Riv. Co. v Burnett (160 Misc 2d 294, 296, supra) — namely that a residential “layperson tenant” may not “know precisely what th[e] term [service] means” when the demand is delivered by conspicuous service — that premise is less applicable and less accurate where, as here, the demand is served by personal delivery to a commercial tenant. It cannot fairly be said, for example, that a tenant served by personal delivery would not know precisely when he/she/it was served. (Compare 95 Riv. Co. v Burnett, supra, 160 Misc 2d, at 296.)
In addition, commercial tenants, unlike the residential tenant in 95 Riv. Co. v Burnett (160 Misc 2d 294, supra), are more likely to retain counsel upon receipt of a rent demand notice. Thus, any possible uncertainty which may arise from a notice which provides that payment must be made within “three days of service of this notice” can be readily clarified by counsel.
In short, although it is clearly preferable to “provide tenants with a precise deadline date” in a rent demand notice (1 Finkelstein and Ferrara, Landlord and Tenant Practice in New York § 14:32, at 14-29 [West]), specification of such a date certain is not legally required. Accordingly, the court finds the rent demand notice here, which states that the tenant is required to pay the rent “on or before the expiration of three days after service of this notice,” is not vague or ambiguous. Respondent’s motion to dismiss the petition on this ground is therefore denied.
Accordingly, the motion to dismiss is denied.