OPINION OF THE COURT
Joseph Capella, J.
This is a residential nonpayment proceeding in which the respondent alleges, by preanswer motion for dismissal,* that the written rent demand served by conspicuous place service with subsequent mailing is fatally defective. In particular, the respondent states that the language of the notice requiring payment of the rent owed “on or before the expiration of three (3) days from the service of this Notice” is unclear, equivocal, ambiguous and does not sufficiently particularize when he must tender payment in order to avoid a summary proceeding.
A nonpayment proceeding must be preceded by either a personal demand for rent or service of a written notice providing the tenant with a minimum of three days to pay the rent owed or surrender possession of the premises. (RPAPL 711 [2]; Solack Estates v Goodman, 102 Misc 2d 504 [App Term, 1st Dept 1979].) The written notice must be sufficiently definite and unequivocal (J.D. Realty Assoc. v Jorrin, 166 Misc 2d 175 [Civ Ct, NY County 1995], affd 169 Misc 2d 292 [App Term, 1st Dept 1996]) to provide adequate notice of the alleged default in rent payment and allow the tenant an opportunity to remedy same and avoid litigation.
In support of its motion, the respondent relies heavily upon 2966 Briggs Co. v Soto (NYLJ, Nov. 22, 1994, at 28, col 1 [Civ Ct, Bronx County]) and 95 Riv. Co. v Burnett (160 Misc 2d 294 [Civ Ct, NY County 1993]), each of which dismissed residential nonpayment proceedings when the written rent demand served by conspicuous place service failed to specify a date certain. In the First Department, the court found one additional lower court decision that supports the respondent’s position (Parkchester v Walker, NYLJ, June 28, 1995, at 30, col 1 [Civ Ct, Bronx County]), and two other lower court decisions that do not (Jendor Indus, v Harvest Year Seafood Rest., 187 Misc 2d 293 [Civ Ct, NY County 2000] [commercial tenant personally served with *433 written rent demand that failed to specify a date certain]; 105th St. Brusco Assoc. v 105th Pizza, Inc., NYLJ, Oct. 5, 1994, at 22, col 3 [Civ Ct, NY County] [tenant served by conspicuous place service with written rent demand that failed to specify a date certain]). The split at the lower court level regarding a date certain in a written rent demand does not appear to have resulted in appellate authority directly on point.
In rejecting an argument for dismissal based upon the adequacy of the amount of rent sought in a written demand, the Appellate Term, First Department, held that the requirements of section 711 (2) of the RPAPL should not be encumbered by judicially promulgated technicalities. (Trustees of C.I. Mtge. Group v NYILR Ltd., NYLJ, Dec. 8, 1978, at 6, col 3 [App Term, 1st Dept].) Utilizing the aforementioned broad language, the Appellate Term, Second Department, in a case involving an oral rent demand made upon a residential tenant, held that section 711 (2) of the RPAPL does not require that a rent demand include a date certain for payment. (Alexander Muss & Sons v Rozany, 170 Misc 2d 890 [App Term, 2d Dept 1996].) Where the First Department has not directly addressed an issue, precedent from the Second Department directly on point is binding upon this court. (Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984].) Although it involved an oral rent demand and is therefore not directly on point, the broad language of Alexander Muss & Sons v Rozany (170 Misc 2d 890 [1996], supra), which postdates the lower court decisions relied upon by the respondent, and its reference to Trustees of C.I. Mtge. Group v NYILR, Ltd. (NYLJ, Dec. 8, 1978, supra) represents persuasive authority. Moreover, as noted by the court in 105th St. Brusco Assoc. v 105th Pizza, Inc. (NYLJ, Oct. 5, 1994, supra), the language in the written demand parallels the language for the notice of petition as set forth in section 208.42 (d) of the Uniform Rules for Trial Courts (22 NYCRR) (i.e., “that within five [5] days after service of this Notice of Petition upon you, you must answer”). An issue as to ambiguity may have arisen had the respondent attempted to tender payment a day or two subsequent to the three-day period; however, no such allegation was made herein. Based on the aforementioned, the respondent’s motion is denied.

 As the respondent’s motion did not set forth the relevant CPLR section relied upon for dismissal, the court will treat it as one predicated upon CPLR 3211 (a) (2) and (7).