## Newport Gardens Apt., L.P. v Surles

2024 NY Slip Op 31657(U)

May 10, 2024

Civil Court of the City of New York, Kings County

Docket Number: Index No. L&T 326469/22

Judge: Juliet P. Howard

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART J
------------------------------------------------------------------ X
NEWPORT GARDENS APARTMENT, L.P.,

                     Petitioner,

      - against -

LINDA SURLES,

                     Respondent,

320 Empire Blvd.
Apt. 3J,
Brooklyn, New York 11225

           "Subject Premises"
------------------------------------------------------------------ X
Present:      Hon. Juliet P. Howard
             Judge, Housing Court

Index No. L&T 326469/22

**DECISION/ORDER**

Recitation, as required by CPLR §2219(a), of the papers considered in the review of this motion:

| Papers | Numbered |
|---|---|
| Respondent's Notice of Motion, along with supporting affirmation and affidavit, and exhibits | 1, 2, 3, 4, 5, 6, and 7 |
| Petitioner's Affirmation in Opposition | 8 |
| Respondent's Reply Affirmation and exhibit | 9 and 10 |

Papers considered: (NYSCEF Doc Nos. 13 through 23)

**Facts and Procedural History**

      This nonpayment proceeding was commenced on November 9, 2022, containing allegations that Respondent owed $1,455 as a rent due and owing through February 2022, at monthly rates of: $369 for May 2021; $123 for June 2021-November 2021; $116 for December 2021-February 2022. The proceeding's first appearance was on January 26, 2023, at which point Respondent was referred to the legal provider for the day. The matter was adjourned to March 14, 2023, at which point Brooklyn Legal Services filed a notice of appearance for Respondent,

1

along with amended answer asserting multiple defenses, including but not limited to improper rent demand; the warranty of habitability; a counterclaim for rent overcharge; a counterclaim for an order to correct; and attorney's fees. Subsequently, Respondent's counsel files a motion, pursuant to CPLR §3211(a)(7) and RPAPL §711(2), requesting that the Court dismiss this proceeding on the basis that the rent demand failed to specify the period of alleged arrears, and included non-itemized non-rent charges. Given the delays and stays related to the COVID-19 Pandemic, the case was adjourned several times. Ultimately, the motions were submitted and deemed fully briefed.

**Discussion**

**Motion to Dismiss**

Respondent moves to dismiss the petition, pursuant to CPLR 3211(a)(7), because the predicate notice defective and it cannot be cured. Petitioner argues that the rent demand provides a good faith estimate of the rental arrears and Respondent does not dispute that she owes rent. The Court disagrees with the Petitioner and grants Respondent's motion dismissing the petition.

RPAPL §711(2) requires a landlord to demand payment of outstanding rent from a tenant as a condition to the commencement of a nonpayment proceeding against the tenant. One purpose of the rent demand requirement is to afford a tenant an opportunity to avoid litigation by paying the amount due. Strong L.P. v Dakar Rest., Inc., 28 Misc.3d 1213(A) (Civ. Ct. Kings Co. 2010), 545 W. Co. v. Schachter, 16 Misc 3d 431, 432 (Civ. Ct. N.Y. Co. 2007). The sum demanded in the predicate notice needs to be, at the very least, a good faith approximation of the rent that a tenant would have to pay to prevent litigation. 542 Holding Corp. v. Prince Fashions, Inc., 46 A.D.3d 309, 310 (1st Dept. 2007). Failure to demand such a good faith approximation in

2

the predicate notice renders such notice defective. <u>Dendy v McAlpine</u>, 27 Misc.3d 138(A)(App. Term 2nd Dept. 2010).

Here Respondent asserts the following arguments: 1) demand fails to inform Respondent of the period from which that sum arises; 2) demand is defective because it includes non-itemized, non-rent charges; 3) demand shows retroactive adjustments to the rent without showing the full contract rent or payments made by Section 8; and 4) the rent demand alleges that $1,737.00 is outstanding, however, that amount never appears on the Petitioner's ledger.

The Court focuses mostly on Respondent's first and fourth argument as the Court finds them to be the most compelling. While a substantive dispute over the amount of rent arrears and other charges actually owed does not affect the legal sufficiency of the underlying rent demand, <u>McDonnell v. Mitchell</u>, 59 Misc.3d 133(A)(App. Term 2ⁿ Dept.), <u>H.S. Realty Assocs., Inc. v. Ilagan</u>, 46 Misc. 3d 150(A)(App. Term 1st Dept. 2015), Courts have found that rent demands including additional charges outside of rent fail to comply with the requirements of RPAPL §711. <u>Meisels Family, Inc v Crittleton</u>, 78 Misc 3d 1236[A], 187 N.Y.S.3d 577, 2023 NY Slip Op 50436[U] (Civ Ct, Kings County 2023); <u>Pantigo Professional Ctr., LLC v Stankevich</u>, 60 Misc 3d 133[A], 110 N.Y.S.3d 194, 2018 NY Slip Op 51039[U] (App Term, 2d Dept, 9th & 10th Jud Dists 2018).

In <u>Pantigo Professional Ctr., LLC</u>, the Appellate Term found that the rent demand was defective and "not sufficiently specific" where it sought common charges. In <u>Meisels Family, Inc v Crittleton</u>, the rent ledger attached to the rent demand had additional charges and this Court found that it is insufficient to bring the predicate notice within the requirement of RPAPL §711. Here, Respondent was confused and could not determine the amount owed on the rent demand (NSYCEF Doc No. 3). Similar to <u>Pantigo Professional Ctr., LLC and Meisels Family, Inc. v</u>

[* 3]

Crittleton, the rent demand is not clear as to the outstanding rent owed and for what period. Further, the rider/ledger contains an additional charge for various "cylinders" and a key fob (NYSCEF Doc. No 3). A reasonable litigant would have trouble deciphering from the ledger the amount needed in order to prevent litigation.

The ledger also begins in June of 2016 through February of 2022, and Respondent is correct that the amount Petitioner alleges in the Petition never appears on the attached ledger which makes it unclear as to the origin of that amount. Further, the rent demand contains adjustments for Section 8 which are extremely confusing to the Court and do not line up with the alleged rent in the Petition. The rent demand must be clear and specific so that it can clearly inform the tenant what is owed and for what period, so that a tenant can adequately defend themselves.

Similar to the circumstances here, when rent demand contains a lump sum of alleged rent arrears and fails to state "the particular periods" for which a landlord claims unpaid rent, the demand is rendered defective. 320 Manhattan Avenue L.P. v. Koita, N.Y.L.J. June 30, 2010 at 26:1 (Civ. Ct. N.Y. Co.); Retail Prop. Tr. v. SHNS Corp., 28 Misc.3d 1217(A)(Dist. Ct. Nassau Co. 2010).

As such, the Court finds that the rent demand in this matter is defective and since it cannot be cured, Respondent's motion to dismiss the petition is granted without prejudice. Chinatown Apts. v Chu Cho Lam, 51 NY2d 786, 788, 412 N.E.2d 1312, 433 N.Y.S.2d 86 (1980).

**Order to Correct**

New York City Civil Court Act §110(c) provides that, regardless of the relief sought by any party in a summary proceeding, this Court may employ any remedy authorized by law for the enforcement of housing standards.

As such, the Court grants Respondent's motion to the extent of ordering Petitioner to correct the violations found in HPD's most recent violation report. Access to correct the violations shall be arranged by the parties, as both parties are represented by counsel. The Court further orders that "A" violations are to be corrected on or before 90 days from first access date; "B" violations to be corrected on or before 60 days from the first access date, and "C" violations to be corrected within 24-hours from the first access date.

Accordingly, it is ordered that Respondent's motion is granted in its entirety and the petition is dismissed without prejudice.

This constitutes the decision and order of this Court.

Dated: Brooklyn, New York
May 10, 2024

_____
HON. JULIET P. HOWARD
J.H.C.

5